**SANDERS et al. v. LANE. (No. 172-3192.)**

(Commission of Appeals of Texas, Section A. Feb. 23, 1921.)

1. **Adoption** ⬉8—Filing of written instrument essential to adoption.

Under Rev. St. 1911, art. 1, requiring for adoption the filing of a written statement signed and authenticated or acknowledged as a deed, the filing of the instrument constitutes the act of adoption, and not merely evidence of it, and without such filing there is no adoption and no legal rights conferred.

2. **Evidence** ⬉183(1)—Acts and declarations of adoptive parent not provable without showing that instrument or record is lost or destroyed.

When the execution of an instrument of adoption is in issue, the acts and declarations of the adoptive party concerning its execution are inadmissible unless it be first shown that the adoption paper or the record of it has been lost or destroyed.

3. **Evidence** ⬉171—Declarations as to contents of instrument admissible where no question as to its execution.

Declarations and admissions of a grantor against interest as to the contents of the instrument are receivable without producing it or accounting for its absence when no question arises as to its execution, but where its execution is directly involved declarations by the

grantor of its execution are inadmissible in the absence of proof of its execution or existence.

Error to Court of Civil Appeals of Second Supreme Judicial District.

Action by A. G. Lane against R. E. Sanders and others. A judgment for defendants was reversed by the Court of Civil Appeals, and the cause remanded (201 S. W. 1018), and plaintiff brings error. Reversed, and judgment of the trial court affirmed.

W. B. Thompson and J. P. Word, both of Meridian, and A. J. Power, of Fort Worth, for plaintiff in error.

S. R. Caruth, of Morgan, and Walker & Baker, of Cleburne, for defendants in error.

SPENCER, J. Defendant in error, A. G. Lane, instituted this action in trespass to try title to recover of plaintiff in error an undivided one-half interest in the lands described in the petition.

Plaintiffs in error claimed the disputed interest by virtue of the will of their stepmother, Mrs. T. D. Sanders, the former wife of Dr. A. G. Lane, contending that, as Dr. Lane left no children, the property descended to his wife who survived him. Defendant in error claimed his right to the property by virtue of an alleged adoption by Dr. Lane.

Upon the trial of the case defendant in error did not introduce any written statutory adoption or of his inability to find a record of such an instrument, but sought to introduce parol proof of admission by Dr. Lane that he had adopted him as his heir. All this evidence was excluded by the trial court for the reason that it was secondary and no predicate had been laid for its introduction. The court instructed a verdict for plaintiff in error.

The honorable Court of Civil Appeals was of opinion that the evidence offered as to the admission and declarations by Dr. Lane to the effect that he had legally adopted defendant in error and that he treated him as his son and was raising him as such was admissible as against the objection that the same was secondary evidence, and that no predicate had been laid for its introduction. It therefore reversed and remanded the cause. (Civ. App.) 201 S. W. 1018.

The honorable Court of Civil Appeals based its decision upon the ground that the admissions and declarations by Dr. Lane were admissible as declaration against interest, and therefore primary evidence rendering the production of the instrument of adoption unnecessary.

[1] Article 1 of Revised Civil Statutes of 1911 provides that:

"Any person wishing to adopt another as his legal heir may do so by filing in the office of the clerk of the county court of the county in

which he may reside a statement in writing, by him signed and authenticated or acknowledged, as deeds are required to be, which statement shall recite, in substance, that he adopts the person named therein as his legal heir, and the same shall be admitted to record in said office."

Under the provisions of the article, the filing of the instrument with the clerk is necessary to complete the act of adoption. Without the filing of the instrument as required by statute there would be no adoption and no legal rights conferred. The filing of the instrument constitutes the act of adoption and is not merely evidence of it.

The rule with reference to evidence of adoption is thus briefly stated in 1 Corpus Juris, 1394, par. 116:

" * * * Where the adoption is by deed acknowledged and recorded, it should be proved in the same manner as other deeds. If, however, the adoption paper and the order or decree have been lost or destroyed, secondary and circumstantial evidence, including the acts and declarations of the party, are admissible to establish this adoption."

[2] A logical deduction from the rule quoted and the rule of law to be applied in this case, we think, is that, when the execution of an adoptive instrument is in issue, the acts and declarations of the adoptive party concerning its execution are inadmissible in evidence unless it be first shown that the adoption paper or the record of it has been lost or destroyed. This is not a case where the execution of an instrument is admitted, but is one where the very substance of the case rests upon the execution of the document, and the burden of proving its execution and existence is with the party claiming under it.

[3] The rule deduced is not overridden and rendered impotent by the rule that declarations and admissions by the grantor are to be received in evidence against him and those claiming under him, as being declarations and admissions against interests. Declarations and admissions of the grantor against interest, as to the contents of an instrument, are receivable without producing it or accounting for its absence when no question arises as to its execution; but where its execution is directly involved, whether as proof of the precise question in issue or of some subordinate matter that tends to establish the ultimate fact upon which the case turns, the declarations by the grantor of its execution are inadmissible in the absence of proof of its execution or existence.

The authorities cited by the Court of Civil Appeals and by the defendant in error in his brief support the rule that the oral admission of a party against himself and those claiming under him, although relating to the contents of a writing, are admissible as primary evidence, but in none of them was the question of whether the instrument was executed directly involved, as in this case.

Our conclusion is that the trial court did not err in excluding the evidence, and hence we recommend that the judgment of the Court of Civil Appeals be reversed, and the judgment of the trial court affirmed.

PHILLIPS, C. J. The judgment recommended in this case by the Commission of Appeals is adopted, and will be entered as the judgment of the Supreme Court.