**DONOHO v. LEWIS et al.    (No. 966–5100.)**

Commission of Appeals of Texas, Section B.
Jan. 23, 1929.

W. F. Robertson, of Austin, and E. G. Senter and Claude C. Westerfeld, both of Dallas, for plaintiff.

Barry Miller, Winfrey & Lane and Gresham, Willis & Freeman, all of Dallas, for defendants.

SHORT, P. J. The plaintiff in error, as plaintiff, sued the defendants in error in the district court of Dallas county to recover $15,500, alleged to be due him by reason of certain matters specifically stated in the petition. In addition to a general denial, the defendants specially plead certain defensive matters. A jury having been impaneled, and the plaintiff in error having introduced his testimony, and the defendants in error having declined to introduce any testimony, the plaintiff in error moved the court to instruct the jury to return a verdict in his favor for the amount claimed in his petition against both defendants in error. The court refused to do this, but upon its own motion instructed the jury to find in favor of the defendants in error. This was done, and judgment was entered accordingly. The plaintiff in error having filed his motion for a new trial, it was overruled, and, notice of appeal having been duly given, the appeal was duly perfected to the Court of Civil Appeals at Dallas. The case was transferred to the El Paso court, where the judgment of the district court was affirmed. But, the plaintiff in error having filed his motion for rehearing, it was granted, and the judgment of the district court was reversed, and judgment rendered against both defendants in error for the full amount of the plaintiff in error's claim. The defendants in error then filed their motion for rehearing, and this motion was granted, the judgment of rendition set aside, that of the district court reversed, and the cause remanded. 1 S.W.(2d) 481. Both parties filed applications for writ of error with the Supreme Court—the plaintiff in error contending that the judgment of the Court of Civil Appeals, reversing the judgment of the district court and rendering judgment for him, represented the law of the case; while defendants in error claim that judgment of the district court in their favor was properly rendered, but, if not, that at least the case was properly disposed of by the Court of Civil Appeals, when, after reversing the judgment of the district court, it remanded the case for another trial.

The basis, apparently, of the suit filed by the plaintiff in error, is a certain written instrument in the following form:

"Ft. Worth, Texas, Feb'y 18, 1921. Mr. C. D. Donoho, Ft. Worth, Texas.—Dear Sir: I hereby make you a proposition for your properties located in the townsite of Burkburnett and known as the Donoho well, block 3 (three), Wigham addition, consisting of approximately seven lots, together with the equipment thereon, as shown by statement furnished me, eleven thousand dollars, in stock of the Monarch Petroleum Corporation, four thousand five hundred dollars in cash. The deal to be consummated upon delivery to me of abstracts showing a clear, merchantable title in and to said properties, together with proper showing that there is no outstanding unrecorded liens; it being understood that I shall have reasonable length of time to examine the title and verify the equipment on the property. I am to have the dividend that has accrued on the stock as of Feb'y 15, 1921. It is understood that your interest in this company is a seven-eighths working interest. If this proposition is acceptable please indicate same on the bottom of this letter. [Signed] Yours truly, S. C. Lewis.

"I accept the above proposition and agree to furnish abstract of title without delay. [Signed] C. D. Donoho."

The plaintiff in error alleged also that he, in compliance with his contract thus evidenced, executed and delivered to Monarch Petroleum Corporation an assignment of the properties mentioned in the letter at the instance and request of the defendant in error, Lewis, which Lewis accepted and placed it of record in the deed records of Wichita county, Texas, where the property was situated. He further alleged the failure of Lewis to deliver the stock of the Monarch Petroleum Corporation, and the payment of the cash therein mentioned. There is also an allegation that the defendant in error, Lewis Oil Corporation, had absorbed all the assets of the Monarch Petroleum Corporation, by assignments duly executed, by reason of which the Lewis Oil Corporation became indebted to the plaintiff in error for the full amount sued for. There is a prayer that plaintiff in error have judgment against each of the defendants in error for the amount claimed, with legal interest from the 1st day of January, 1922, and that general relief be given.

The defendants in error having introduced no testimony, and the trial judge having instructed the jury to find against the plaintiff in error, the only question of law presented is whether the evidence introduced by the plaintiff in error is without conflict and sufficient to prove the material allegations in the petition, so as to entitle the plaintiff in error to a judgment for some amount of money. If there is no conflict referring to a material matter, even though there was not sufficient evidence to support a judgment for

the full amount claimed, then the district court erred in giving the peremptory instruction against the plaintiff in error. It will be noted that the letter of Lewis, making the proposition to Donoho, stated three conditions upon which the deal was to be consummated. One of these conditions was a delivery, by Donoho to Lewis, of abstracts showing a clear merchantable title to the properties; second, showing the absence of any outstanding unrecorded liens upon it; and, third, that Lewis was to have a reasonable time to examine the title and to verify the equipment on the property. In the absence of pleading that the defendants in error had waived their right to demand that these conditions be met, the plaintiff in error could not recover, and the peremptory instructions given by the court, under such circumstances, would be correct.

There is in the form of a supplemental petition, replying to the special answer of the defendants in error, an allegation by the plaintiff in error that the written assignment was delivered to and accepted by the defendants in error after they had examined the title to the property, and that the defendant in error Lewis had full knowledge of the existing claims against it, and with this knowledge accepted the assignment, and that he, Lewis, bound himself to pay plaintiff in error the full sum stated in the petition. It will also be noted in this connection that, according to the pleadings, the Monarch Petroleum Corporation did no affirmative acts of its own, having the effect to carry out the terms of the contract made between Lewis and Donoho, as expressed in the letter above quoted, and yet the assignment of the properties was executed in its name, and alleged to have been delivered to Lewis and accepted by him. But there is no allegation in any of the pleadings that Lewis had any connection with the Monarch Petroleum Corporation in an official capacity.

In determining whether these three conditions mentioned in the contract, upon which its consummation depended, with the record in this condition, and in order to determine the legal rights of the respective parties, it will not be necessary to mention any portion of the testimony, except that which has a tendency to establish the claim of the defendants in error, under their general denial, that the plaintiff in error was not entitled to recover anything from them or either of them. The plaintiff in error introduced a portion of the deposition of the defendant in error Lewis, apparently taken at the instance of the defendants in error. Speaking of the abstract of title mentioned in the letter, Lewis testified that:

"Mr. Harwood Stacey examined the title to the property. * * * My recollection of his opinion is that the title, as shown by the opinion, was defective in many particulars. * * * I have never delivered to Mr. Donoho $11,000 in stock of the Monarch Petroleum Corporation. I have never paid Mr. Donoho $4,500 in cash in consideration for this agreement, or any other amount in consideration thereof. I did make some advances, personally, to Mr. Donoho to assist him, because he stated he was in destitute circumstances; had been confined to the hospital, and his visits to my office showed his physical condition to be such that funds were necessary for him. I did not, at any time, make any payments to him as a consideration for the contract formerly made for the purchase of the properties described in the contract of February 18, 1921. The cash and stock advanced to him was conditioned and contingent upon merchantable title eventually being furnished, which was never done, nor have I ever been reimbursed for the advances made. Mr. Donoho delivered no lease to me. An assignment was delivered to me, to be held until titles were perfected. I was attorney for the Monarch Petroleum Corporation. I assume that I did direct Mr. Donoho to whom to make said assignment, to be held until titles were perfected. * * * There is no market value on the Monarch stock at the present time, and it could probably be bought at 10 cents on the dollar. * *. * It was a speculative stock and probably had no market value."

█ This testimony has a tendency to show that the plaintiff in error had not conclusively shown a delivery of the assignment to an officer or agent of the Monarch Petroleum Corporation, duly authorized to accept the delivery of it. A corporation can only act through its agents, and while the authority of some of its agents is presumed, such as the president or general manager, one who acts as its attorney is not usually presumed to have authority to bind the corporation outside of the matters specially committed to his care and within the scope of his duties as such. Moreover, there is no statement in the petition that the defendant in error, Lewis, had authority to accept this assignment for the Monarch Petroleum Corporation, and without an allegation of this character the testimony quoted that Lewis was its attorney has no probative effect. The plaintiff in error claims, in lieu of the stock mentioned in the letter, which he was to receive from the defendant in error Lewis, a sum of money equal to the amount of stock.

The motion filed by the plaintiff in error to instruct the jury to return a verdict in his favor contemplated that the verdict should be for the full amount claimed against both defendants, with 6 per cent. interest from a certain date. Even if the trial court had been justified in concluding, as a matter of law, that a reasonable time had elapsed from the date of the letter to the date of the assignment within which Lewis could have verified the equipment on the property, and, therefore, that Lewis was liable to the plaintiff in error for the full amount claimed by him, there could be no basis upon which to render a

judgment for any specific sum against the Lewis Oil Corporation. So we conclude that the district court did not err in overruling this motion. Upon the contrary, the peremptory instruction given the jury by the court, on its own motion, to find against the plaintiff in error for the entire amount of its claim, indicated that the trial judge had concluded, as a matter of law, that the plaintiff in error had not established the right to recover any sum of money against either of the defendants. If the defendant in error Lewis had examined the title to the property and found defects in it and had waived them, and agreed to accept the property, notwithstanding the defects in the title to it, then to the extent of the cash consideration the jury might have concluded that the plaintiff in error was entitled to recover against Lewis, assuming, of course, the sufficiency of the testimony to justify the jury in concluding that there had been a delivery of the abstracts, showing a clear merchantable title to the property, and also showing the nonexistence or outstanding unrecorded liens or that he had waived these defects and encumbrances, and further the existence of a reasonable length of time in which Lewis had the right to examine the title and verify the equipment on the property. If the plaintiff in error was entitled to recover any amount against Lewis individually, under the pleadings and the evidence, the peremptory instruction against him should not have been given.

But we are also of the opinion that the peremptory instruction, requested by the plaintiff in error, should not have been given. Under the testimony introduced, there was an issue of fact, to be determined by the jury, whether there had been a delivery of the assignment to the property under such circumstances as made the delivery the final act necessary for the plaintiff in error to do, to entitle him to the stock and money mentioned in the letter. There was also an issue of fact, raised by the testimony, whether Lewis had waived the admitted defenses in the title and the admitted incumbrances on the property. There was also an issue of fact presented by the testimony as to the market value of the stock of the Monarch Petroleum Corporation, which Lewis stated he would deliver to Donoho, under certain conditions, especially at the time its delivery became due. It may be that the jury might have properly found in favor of the plaintiff in error, against Lewis, on all these issues. But we cannot say, as a matter of law, that the testimony introduced by the plaintiff in error was without conflict, and conclusively established the truth of the allegations in the petition on these subjects. And, as we heretofore stated, the motion filed by the plaintiff in error to render judgment was a general one, asking that judgment be rendered for the full amount claimed against both defendants. The trial judge was under the necessity to pass upon this motion as it was presented, and either to sustain it or overrule it in the form in which it was presented.

Reverting to the condition of the pleadings filed in the trial court, we find that the defendants in error, in addition to a general demurrer, interposed several special exceptions to the legal sufficiency of the petition. These exceptions were overruled, and an exception to the action of the court was reserved. But there is no assignment in the record filed in the Court of Civil Appeals complaining of this action of the court. We think the general demurrer was properly overruled. The special exceptions not being before us, they are not discussed. While the petition claimed both defendants in error were indebted to the plaintiff in error, yet, even though the petition was sufficient to state a cause of action against one of the defendants for some sum, and it might have been insufficient to justify a verdict for the full amount claimed against either of them, yet, measured by a general demurrer, it was sufficient to sustain a judgment for some amount against the party wherein a cause of action is stated.

Evidently the plaintiff in error's case has not been fully developed, and under the authority of article 1856, R. S. C. 1925, which provides for the remand of the case by the Court of Civil Appeals, rather than a rendition of a judgment, when it is necessary that some matter of fact be ascertained, or the matter to be decreed is uncertain, we are of the opinion that the last judgment rendered by the Court of Civil Appeals, reversing the judgment of the district court and remanding the case, is a correct one. In Houston & T. C. Ry. Co. v. Strycharski, 92 Tex. 1, 37 S. W. 415, Judge Brown, speaking for the Supreme Court on the subject, says:

"The Courts of Civil Appeals, upon reversing judgments of the trial courts, cannot enter final judgments unless upon the evidence as it appears in the record one party as a matter of law is entitled to judgment; the evidence must be of that conclusive nature that the trial court should have directed a verdict in favor of that party. The exercise of such authority in cases resting upon facts which are controverted and about which the evidence is conflicting or uncertain would be to usurp the powers conferred upon a jury in the trial of such causes and to deny litigants the constitutional right of trial before a jury."

It may be that upon another trial with sufficient pleadings and a full development of the plaintiff's case, he will be able to satisfy a jury, by the introduction of legal testimony, that he is entitled to a judgment against both defendants for the full amount of his claim; but we do not think he was entitled to have the jury instructed to return a verdict against both defendants for the entire amount, under the conditions stated. Neither do we think that the defendants in error were entitled, under the condition of the record as present-

ed, to a peremptory instruction to the jury, which the court gave in his favor. We find it unnecessary to discuss the points presented in the application filed by defendants in error, since upon another trial they will have ample opportunity to present such defenses as they may have to the demand of the plaintiff in error. Bettes v. Weir Plow Co., 84 Tex. 543, 19 S. W. 705; Pershing v. Henry (Tex. Com. App.) 255 S. W. 382; Stevens v. Masterson, 90 Tex. 417, 39 S. W. 292, 921; Irving v. Freeman, 106 Tex. 38, 155 S. W. 931; Northern Texas Traction Co. v. City of Polytechnic (Tex. Com. App.) 236 S. W. 73.

We recommend that the judgment of the Court of Civil Appeals, reversing the judgment of the district court and remanding the case for another trial, be affirmed.

CURETON, C. J. Judgment of the Court of Civil Appeals affirmed, as recommended by the Commission of Appeals.