### ALLEE v. VADEN et al.
### No. 10509.

Court of Civil Appeals of Texas. Galveston.

Dec. 16, 1937.

Rehearing Denied Jan. 13, 1938.

Williams, Lee, Sears & Kennerly and Fred L. Williams, all of Houston, and Ken-

nedy & Granberry, of Crockett, for appellant.

Aldrich & Crook, of Crockett, for appellees.

GRAVES, Justice.

This brief general statement, found to be correct as such, is taken from the appellant's brief:

"This cause was instituted by John C. Allee, appellant, seeking to set aside an order of the County Court of Houston County probating the will of Angeline Vaden (formerly Angeline Chandler and formerly Angeline Collins), deceased, alleging that he was a son of a deceased sister of testatrix and was an adopted son of testatrix, and that she was not at the time she executed the will in question of sound mind and memory, and was not capable in any respect of making a valid will. The said Angeline Vaden had no children, but left surviving a husband, W. T. Vaden. Her will disposed of one-half of her property to the surviving husband and the other one-half to six nieces and nephews, including appellant. In the county court a verdict was directed against appellant, who then appealed to the district court, which court also directed a verdict against him, at the close of his evidence, on appellees' motion therefor. In proper time appellant filed his appeal bond in support of his appeal from the county court, and likewise in proper time filed his appeal bond in support of his appeal from the judgment of the district court.

"The sole question presented by appellant's brief are:

"1. Did appellant adduce sufficient proof to raise the issue of his adoption by the testatrix?

"2. Did appellant adduce sufficient proof to raise the issue of testamentary incapacity of the said Mrs. Vaden?"

The appellees agree that the two quoted questions are the sole ones presented by the appeal; they further cite the obvious fact that a negative answer to either of them would be fatal to the appellant's cause.

This court, after careful consideration of the record—inclusive of the statement of facts—the briefs, and oral arguments for both sides, has reached the conclusion that the evidence was insufficient to raise the issue of appellant's adoption by the testatrix, and that consequently the second question becomes immaterial.

Since the considerations upon which this result has been arrived at are, in this court's opinion, so cogently, so briefly, and so soundly stated in the appellees' able brief, they are hereby adopted as its opinion:

"In all this evidence relative to the question of adoption of appellant by either John K. Chandler, or his wife, Angeline, there is not a single statement that any deed of adoption or any attempt to execute a deed of adoption was ever made by either John K. Chandler, or his wife, Angeline Chandler, later Angeline Vaden, the testatrix, whose will is being contested. The entire evidence consists of alleged statements made by John K. Chandler and Angeline Vaden and of certain written or printed statements made by John K. Chandler in what purported to be a book of the Chandler genealogy and a book alleged to be the Chandler family-Bible. Then in order to force a presumption that a deed of adoption had been executed, appellant offered evidence of the loss of the deed-records of Houston County, Texas. Instead of these records furnishing a basis for the presumption that a deed of adoption had been recorded and that the record had been destroyed, such evidence shows conclusively that the deed-records covering the very period when appellant is alleged to have been adopted were still in existence, and that they do not show any adoption-paper. The evidence offered to show adoption, shows that the appellant, John Chandler Allee, was born November 29, 1877; that if adopted at all he was adopted when five or six months old, which would have been not later than May, 1878, and that Book 'Y' of the deed-records of Houston County, Texas, cover the year 1877 and down to July 17, 1878. So that, if any deed of adoption was made, it would have been recorded in that record-book, the evidence showing that John K. Chandler was a prudent and able business man and careful in his business dealings, who would have naturally recorded such an instrument promptly, and that it would have been recorded prior to July 17, 1878. But there being no evidence whatever of the execution of any instrument purporting to be an adoption-paper, all of the evidence, including oral and written statements about adoption, should have been excluded. It was necessary to lay as a predicate for such testimony, some evidence that an adoption-instrument had been executed by John K. Chandler, or by him and his wife.

"Articles 42 and 43 of Revised Statutes, in effect at the time here involved, relating to adoption, expressly provided that any person wishing to adopt another as his legal heir should file in the office of the County Clerk of the County in which he resided a written statement signed by him and duly authenticated or acknowledged as deeds are required to be, reciting in substance that he adopts the person named therein as his legal heir, and the decisions interpreting such statutes expressly hold that the filing of same for record is essential to the validity of such adoption. In Sanders v. Lane, 227 S.W. 946, the opinion of Judge Spencer of the Commission of Appeals, adopted by the Supreme Court, reads as follows:

" 'Upon the trial of the case defendant in error did not introduce any written statutory adoption or of his inability to find a record of such an instrument, but sought to introduce parol proof of admission by Dr. Lane that he had adopted him as his heir. All this evidence was excluded by the trial court for the reason that it was secondary and no predicate had been laid for its introduction. The court instructed a verdict for plaintiff in error.'

"The court, after quoting the above cited article 42, further said: 'Under the provisions of the article, the filing of the instrument with the clerk is necessary to complete the act of adoption. Without the filing of the instrument as required by statute there would be no adoption and no legal rights conferred. The filing of the instrument constitutes the act of adoption and is not merely evidence of it.'

"The court further says: 'A logical deduction from the rule quoted and the rule of law to be applied in this case, we think, is that, when the execution of an adoptive instrument is in issue, the acts and declarations of the adoptive party concerning its execution are inadmissible in evidence unless it be first shown that the adoption paper or the record of it has been lost or destroyed. This is not a case where the execution of an instrument is admitted, but is one where the very substance of the case rests upon the execution of the document, and the burden of proving its execution and existence is with the party claiming under it.'

"In First Corpus Juris, p. 1394, § 115, it is said: 'The fact of adoption will never be presumed, but must be affirmatively proved by the persons claiming its existence,' and in support of that doctrine the cases of Powell v. Ott, Tex.Civ.App., 146 S.W. 1019, and McColpin v. McColpin's Estate, Tex. Civ.App., 75 S.W. 824, are cited; Royal Neighbors of America v. Fletcher et al., Tex.Civ.App., 230 S.W. 476.

"Appellant seems to rely principally and as his chief authority for the proposition that there was sufficient evidence of adoption to require submission of the issue to the jury, upon the case of Moore v. Bryant, 10 Tex.Civ.App. 131, 31 S.W. 223. That case is to be distinguished from the case under consideration by reason of the fact that in that case there was evidence of an instrument in writing by which John Abney undertook to adopt Jennie A. Moore as the child and heir of himself and his wife. The facts outlined in the opinion of the court are as follows: 'About 1850 a writing was entered into by John Abney and the father of Jennie A. Moore, then Williams, by which said Abney undertook to adopt her as the child and heir of himself and Mary Abney. This occurred in Rusk county, where the parties then lived; but whether the instrument had ever been acknowledged and recorded seems to have been incapable of proof, except by circumstantial evidence, the deed and probate records of that county from 1846 to 1851 having been destroyed by fire March 5, 1878.'

. "In that case the issue was not whether an instrument, which purported to be a deed of adoption, was executed, but whether such instrument conformed to the statute, if there was a statute at that time, and further whether it had been properly acknowledged and recorded. A material question in that case was whether at the time of the execution of the instrument the present statute was in existence. The writing was executed about 1850. The present statute was enacted January 16, 1850, and went into effect March 23, 1850. The deed-records of Rusk County, where the parties resided, and the probate-records of that county, covering the period from 1846 to 1851, were destroyed by fire March 5, 1878. From these facts it can easily be seen that the case is radically different from the case now under consideration, and the evidence in that case did raise an issue which should have been properly submitted to the jury.

"The uncontradicted evidence further shows that his claim to be the adopted son of John K. Chandler was overcome and refuted by the fact that he was not made a beneficiary of any kind in the will of John K. Chandler, deceased, and that his name

was not mentioned in any way in that will, and that, on the other hand, the will placed the management of his business in other hands than that of appellant, which facts are all together inconsistent with the claim of appellant that he was the adopted son of John K. Chandler.

"Practically all of the evidence on the question of adoption related to the question of adoption of appellant by John K. Chandler, and not by testatrix. Excluding from the evidence offered on the issue of adoption that portion of same that relates to the adoption of appellant by John K. Chandler alone, there would be practically no evidence left tending. to show such adoption by testatrix. Surely there was no such evidence tending to show the execution of a deed of 'adoption by testatrix, and the few statements that she had merely said that he was her adopted son, without in some way undertaking to show the execution of an adoption-deed by her, would not make such issue as would require the submission of the issue to the jury."

Pursuant to these conclusions, the trial court's judgment will be affirmed.

Affirmed.

PLEASANTS, C. J., absent.