# W. W. Jones et al v. Mrs. Beulah Guy et vir.

No. 7661.  Decided October 23, 1940.
Rehearing overruled November 20, 1940.
(143 S. W. 2d Series, 906.)

T. J. *Ramey* and *Verne D. Anderson,* both of Sulphur Springs, and *J. C. Muse* and *J. C. Muse, Jr.,* both of Dallas, for plaintiffs in error.

Adoption being unknown to the common law, and there being no compliance with the existing adoption statutes, in force at the time of this suit, the testimony of plaintiffs, to the effect that Mr. and Mrs. Pierce received and kept the child (plaintiff in this cause) under promise to adopt her and throughout their lives represented that they had adopted the child; that they had received all the benefits and privileges of that relation-

ship; of the faithful performance on the part of plaintiff under the belief on her part that she had been adopted, was insufficient to constitute a contract of adoption by estoppel enforceable in equity, because equity must follow the law. Boudreaux v. Texas & N. O. Ry. Co., 78 S. W. (2d) 641; Taylor v. Deseve, 81 Texas 246, 16 S. W. 1008; 1 Texas Jur., p. 727, sec. 15, etc., "Adoption."

*Turner, Rodgers, Winn & Sellers, Grover Sellers* and *George S. Terry,* all of Dallas, for defendants in error.

Mr. and Mrs. Pierce having taken the plaintiff, Beulah Brannon, who later married O. L. Guy, into their home as a small child under an agreement with her father, George W. Brannon, to adopt her, and having represented to the public that she was their adopted daughter, and the child having remained with them until she was grown and married, in the meantime performing all the duties of a natural child, both they and the defendants who claim under them, are estopped to deny the status of plaintiff as an adopted child of the Pierces. Kirksey v. Southern Tract. Co. 110 Texas 190, 217 S. W. 139; Holloway v. Jones, (Mo.) 246 S. W. 587; Remmers v. Remmers, (Mo.) 239 S. W. 509; Alee v. Vaden, 112 S. W. (2d) 237.

MR. JUDGE SLATTON, of the Commission of Appeals, delivered the opinion for the Court.

Mrs. Beulah Guy and her husband brought this suit in the district court of Hopkins County to recover an undivided one-half interest in 33 tracts of land and for conversion of personal property against the executors and legatees named in the last will of Mrs. Susan Belle Pierce, deceased, who was the wife of J. K. Pierce, deceased. Her cause of action was in the nature of a statutory form of trespass to try title to land and for conversion of personal property. The theory of her recovery was upon an equitable estoppel which was alleged as follows, towit:

"That J. K. Pierce and Susan Belle Pierce, both deceased, in their lifetime took the plaintiff, Beulah Guy, from her natural father, George W. Brannon, when she was about three years of age, with the understanding and agreement between her natural father and the said J. K. Pierce or the said J. K. Pierce and Susan Belle Pierce that they would adopt said plaintiff and make her their adopted daughter; that said agreement was made by the father of the plaintiff for her benefit and in her behalf; that pursuant to said agreement and understanding,

the natural father of plaintiff, Beulah Guy, delivered her to the said J. K. Pierce and Susan Belle Pierce, where she continued to live until she was grown and married; that the said J. K. Pierce and Susan Belle Pierce, at the time they took said plaintiff from her natural father, gave her the name of Beulah Pierce, and from thence on she was known as Beulah Pierce, and she was taught by them to call them 'Mammy' and 'Pappy' which she did until their death.

"It is further alleged that the said J. K. Pierce and Susan Belle Pierce held said plaintiff out to their friends as their daughter and as their adopted daughter, and on all occasions introduced her as their daughter and their adopted daughter. They fed, clothed and educated her, and she was known in the community at Sunday School, church and school by the name and only by the name of Beulah Pierce; that said plaintiff was kind and affectionate to the said J. K. Pierce and Susan Belle Pierce during all the time that she lived with them, waiting on them when they were sick and doing any and all kinds of work required of her by the said J. K. Pierce and Susan Belle Pierce, which work was such as was ordinarily required of children by their parents; that said plaintiff never at any time had any trouble with either the said J. K. Pierce or the said Susan Belle Pierce, but their relationship to said plaintiff was friendly and that of a mother and father toward her until their death long after this plaintiff was grown.

"It is further alleged that after the plaintiff, Beulah Guy, was grown and married to Professor O. L. Guy and after they had children of their own, their children called J. K. Pierce and Susan Pierce 'Grandma' and 'Grandpa,' and the said Susan Belle Pierce and J. K. Pierce called plaintiffs' children their grandchildren; that plaintiffs, after they were married, continued on good terms and friendly relations with J. K. Pierce and Susan Pierce until their death; that only a short time prior to the death of J. K. Pierce he gave the plaintiff a home in the city of Sulphur Springs, Texas, on the express consideration of his love and affection for her and her children.

"It is further alleged that the said Susan Belle Pierce, who survived the said J. K. Pierce, continued to hold the plaintiff, Beulah Guy, out as their adopted daughter, and only a few years ago, in 1933, in relating her life history, stated that she and J. K. Pierce adopted the plaintiff, Beulah Guy, as their daughter."

W. W. Jones et al, as the executor and legatees named in the will of Mrs. Pierce, pleaded not guilty to the two, three,

four, five and ten years statutes of limitation, the statute of frauds and an estoppel against Mrs. Guy through her silence from the death of Mr. Pierce on August 1, 1918, until after the death of Mrs. Pierce on February 2, 1937.

A jury trial resulted in a directed verdict against Mrs. Guy, upon which a judgment was entered in favor of W. W. Jones et al. An appeal was perfected to the Court of Civil Appeals at Texarkana. That court reversed the judgment of the district court and remanded the cause for trial. 132 S. W. (2d) 490. This court granted writ of error.

■ The Honorable Court of Civil Appeals, acting under well-settled rules with regard to evidence in cases where a verdict has been directed by the trial court, quoted in its opinion evidence which if found to be true brings the case within the rule announced by this court in the case of Cubley v. Barbee, 123 Texas 411, 73 S. W. (2d) 72. After mature consideration of the case on submission in this Court we have concluded that the opinion of the Court of Civil Appeals properly disposes of the case and we adopt the following portion of the opinion as the opinion of this Court:

"The facts of this case clearly fall within the rule which our Supreme Court in Cubley v. Barbee, 123 Tex. 411, 73 S. W. (2d) 72, has declared to be the correct rule, namely:

" 'It seems to us that the rule is correctly stated by the annotator in the notes to the case of In re Taggart's Estate, 27 A. L. R. page 1365, where the writer states: "The cases considering the matter are in substantial harmony in sustaining an estoppel in pais to preclude adoptive parents and their privies from asserting the invalidity of adoption proceedings, or, at least, the status of the adopted child, when, by performance upon the part of the child, the adoptive parents have received all the benefits and privileges accruing from such performance, and they by their representations induced such performance under the belief of the existence of the status of adopted child." Holloway v. Jones (Mo. Sup.) 246 S. W. 587; Young v. McClanahan, 187 Iowa, 1184, 175 N. W. 26; Fiske v. Lawton, 124 Minn. 85, 144 N. W. 455; Jones v. Leeds, 41 Ind. App. 164, 83 N. E. 526; Anderson v. Blakesly, 155 Iowa, 430, 136 N. W. 210; Barney v. Hutchinson, 25 N. M. 82, 177 P. 890; In re Reichel, 148 Minn. 433, 182 N. W. 517, 16 A. L. R. 1016; Milligan v. McLaughlin, 94 Neb. 171, 142 N. W. 675, 46 L. R. A. (N.S.) 1134; Wolf's Appeal (Pa.) 13 A. 760, 10 Sad. 139; In re Williams' Estate, 102 Cal. 70, 36 P. 407; 41 Am. St. Rep. 163; in re McKeag's estate, 141 Cal. 403, 74 P. 1039, 99 Am. St. Rep. 80;

Corlin v. Bacon, 69 A. L. R. 17; Tuttle v. Winchell, 104 Neb. 750, 178 N. W. 755, 11 A. L. R. 814; Horton v. Troll, 183 Mo. App. 677, 167 S. W. 1081; Thomas v. Maloney, 142 Mo. App. 93, 126 S. W. 522.'

■ "Appellees, in subsance, contend that the above quoted rule granting relief through the equitable remedy of estoppel has no application and the relief can not be granted except in cases where it is shown that the adoptive parent has executed and acknowledged a deed of adoption, but has failed to record it. The testimony in the Cubley case shows that the adoptive parent had there executed and acknowledged an instrument as part of the agreement under which the child was taken, which the court of civil appeals, 25 S. W. (2d) 689, construed as being testamentary in character, and concerning which instrument the Supreme Court held that the adoptive parents by her acts and representations was estopped to deny that it was a deed of adoption. But the doctrine of equity upon which decision in the Cubley case was based, does not rest upon execution of the adoption deed. It rests upon the adoptive parent having received the benefits of the relation fully performed by the child. The language of the rule itself as declared in the Cubley case, as well as the authorities there cited from which the rule is drawn, clearly shows that exercise of the equitable power of the court to grant relief to the child, against the fraud of the adoptive parents' neglect or design in failing to do that which he in equity was obligated to do, is not dependent or conditioned upon such adoptive parents having executed but failed to file an instrument of adoption. The first case cited by the court in support of the rule declared in the Cubley case is Holloway v. Jones, 246 S. W. 587, in which the relief was granted though the adoptive parent 'never executed the deed of adoption.' The following statement of that case, and excerpt from the opinion, clearly illustrates the error of appellees' contention in the present case.

" 'In Holloway v. Jones, 246 S. W. 587, 590, the Supreme Court of Missouri sustained the rights of a person taken, while an infant, into the family of McHenry and wife, under a promise on the part of the latter to adopt it. We shall not state the facts, as the case is available. It is sufficient to say that the child performed all the duties of a child to its adopting parents. The latter, however, never executed the deed of adoption. The suit was between the child after the deaths of the McHenrys and a collateral relative. The Supreme Court sustained the claim of

the child. The adoption statutes of Missouri were quite similar to our own.' * * *

" '* * * In all these cases it is held, in substance, that one who takes a child into his home as his own, receiving the benefits accruing to him on account of that relation, assumes the duties and burdens incident thereto, and that where justice and good faith require it the court will enforce the rights incident to the statutory relation of adoption. The child having performed all the duties pertaining to that relation, the adoption parent will be estopped in equity from denying that he assumed the corresponding obligation. In equity it will be presumed that he did everything which honesty and good conscience required of him in justification of his course. Equity follows the law except in those matters which entitle the party to equitable relief, although the strict rule of law be to the contrary. It is at this point that their paths diverge. As the archer bends his bow that he may send the arrow straight to the mark, so equity bends the letter of the law to accomplish the object of its enactment. In all the cases to which we have referred supra, and in numerous others, this Court has consistently held that he who has taken possession of a child in the capacity of an adopting parent cannot escape the duties and liabilities incident to that capacity by failing to follow the forms that the statue has prescribed to that end.'

■ "Among others, appellees cite the following cases: Sanders v. Lane, 227 S. W. 946; Allee v. Vaden, 112 S. W. (2d) 237; Hooks v. Bridgewater, 111 Texas 122, 229 S. W. 1114; Cheney v. Coffey, 113 S. W. (2d) 162; Upson v. Fitzgerald, 103 S. W. (2d) 147. The rule declared in the Cubley case, and which we have followed in this case, is not in conflict with any of the above cited cases, the distinction lies in the remedy pursued by the claimant. The apparent confusion may be clarified by the following classification of remedies attempted to be pursued for recovery of a decedent's estate.

"(a) Straight statutory adoption. This classification under the statute R. S. 1925, Article 42, required three steps of the adoptor: (1) execution, (2) acknowledgment, and (3) filing for record the deed of adoption. This is the adoption referred to in the following cases: Sanders v. Lane, supra, and Allee v. Vaden, supra.

"(b) Suits for specific performance of contract to leave property at death. This type of contract when entered into in parol has frequently fallen under the ban of the statute of fraud in Texas. It is best illustrated in the following cases: Hooks v.

Bridgewater, supra, and Cheney v. Coffey, supra, and Upson v. Fitzgerald, supra.

"(c) Estoppel to deny adoption of a child. Among the cases recognizing this remedy are: Cubley v. Barbee, supra; Holloway v. Jones; and the more recent case of Thompson v. Moseley, 125 S. W. (2d) 860. Also the remedy is recognized in Cheney v. Coffey, supra."

■ Plaintiffs in error contend that parol agreements to adopt are repugnant to the statute of frauds. This contention was made in the Court of Civil Appeals and was by implication overruled by that court. In Texas Jurisprudence, Volume 1, page 728, Section 16, it is stated that: "A contract for the adoption of a child is not within the statute of frauds." The case of Taylor v. Deseve, 81 Texas 246, 16 S. W. 1008, is cited to support the text. In that case it is said: "As will be seen, the defendant also relied upon the statute of frauds, claiming that the verbal contract could not be performed in one year. The contract was not within the statute, as it may or may not have been performed within one year. The child might have died during the first year."

The statute of frauds sought to be invoked in this case is Section 4 of Article 3995, Vernon's Annotated Civil Statutes of Texas, which is as follows:

"No action shall be brought in any court in any of the following cases unless the promise or agreement upon which such action shall be brought, or some memorandum thereof, shall be in writing and signed by the party to be charged therewith or by some person by him thereunto lawfully authorized:
"* * * * * * *

"4. Upon any contract for the sale of real estate or the lease thereof for a longer term than one year."

It seems to be the prevailing view in other jurisdictions that the statute of frauds does not preclude the specific performance of an oral contract to adopt where the proof of performance is clear and unequivocal and is clearly referable to the contract. 1 Am. Jur. p. 630. (This was quoted with approval in the case of Cheney et al. v. Coffey, Section B, Commission of Appeals, 131 Texas 212, 113 S. W. (2d) 162, opinion adopted by this Court.)

■ The statutes of Texas authorizing adoption in effect at the time of the occurrence of the facts upon which this suit is based, with regard to the rights of one adopted, provided "* * * shall entitle the party so adopted to all the rights and

privileges, both in law and equity, of a legal heir of the party so adopting him or her." Gammel's Laws, Vol. 3, p. 474. If the statutory procedure had been followed by Pierce and wife, Mrs. Guy's right would have been that of a legal heir of the adoptive parents under the statute quoted. Eckford v. Knox, 67 Texas 200, 2 S. W. 372. It is our opinion that the effect of sustaining an estoppel in pais to preclude the adoptive parents and their privies from asserting the invalidity of adoption proceedings or *at least the status of the adopted child,* when by performance upon the part of the child, the adoptive parents have received all the benefits and privileges accruing from such performance under the belief of the existence of a status of an adopted child is not enforcing a parol contract for the sale of real estate. This is true for the obvious reason that an adopted child does not inherit property in virtue of the status of an adopted child alone but depends upon the intestacy of the adoptive parent, together with the statutes of descent and distribution. Moreover, the status of an adopted child with respect to the property of the adoptive parent is the same as that of the parent's own children. Masteron v. Harris, 107 Texas 73, 174 S. W. 570. Mr. Pierce had the right to dispose of his property by will, which, as the record shows, Mrs. Pierce exercised. Masterson case, supra. But under the facts here neither the parents nor their privies has the right to deny the status of an adopted child existing between Mrs. Guy and Mr. and Mrs. Pierce.

■ The rights of heirs of an adopted child seem to be different to the rights of heirs of a natural child. Harle v. Harle, 109 Texas 214, 204 S. W. 317, 15 A. L. R. 1261.

■ Plaintiffs in error insist that the same rule as applied to oral contracts to devise property should be applied to the facts of this case. Oral contracts to adopt and oral contracts to devise real estate are materially different, as is shown by the reasons above stated. Distinction between the two classes of contracts has been recognized in Jordan v. Abney, 97 Texas 296, 78 S. W. 486 and Clark v. West, 96 Texas 437, 73 S. W. 797. In suits to enforce contracts to devise property at death it has been many times decided that the contract falls under the ban of the statute of frauds for the simple reason that it is nothing more than a parol contract for the sale of land and in such a case the statute of frauds precludes its enforcement in law or in equity. Hooks v. Bridgewater, 111 Texas 122, 229 S. W. 1114, 15 A. L. R. 216. We conclude, therefore, that the statute of frauds is not applicable to the facts made here.

It is insisted through the fourth proposition contained in the application for the writ of error that the Court of Civil Appeals was in error in considering defendants in error's pleading of estoppel in connection with a statutory action of trespass to try title when such plea was specifically limited to the action for conversion. The pleadings of defendants in error contain one count in which land was sought to be recovered in the ordinary statutory action of trespass to try title and for damages, as well as for damages for conversion of personal property. After the trial court indicated that he was about to direct a verdict in favor of plaintiffs in error, but before the jury had been instructed, defendants in error obtained leave of the court to file the pleadings hereinbefore set out, whereupon the trial court directed the jury to return a verdict in favor of plaintiffs in error.

The Honorable Court of Civil Appeals sustained the assignment of defendants in error that the trial court erred in directing a verdict, reversed the judgment in its entirety, and remanded the cause for trial, evidently upon the theory that plaintiffs in error's motions for a directed verdict embraced all actions within the pleadings and proof tendered by defendants in error. The court entertained the opinion that as defendants in error under their pleadings and proof made a case which could be sustained in law or in equity that the trial court committed reversible error in giving the peremptory instruction. In the Court of Civil Appeals, as well as in the trial court, plaintiffs in error treated the causes of action asserted by defendants in error as one and, as we have stated, included both actions within their motions for a directed verdict in the trial court and in their motions for rehearing assigned error to the reversal and remand of the cause as an entire judgment. In this situation it is unnecessary for us to make a decision on whether or not it is necessary for defendants in error to specially plead facts upon which their equitable estoppel is grounded in connection with the statutory action of trespass to try title. This is particularly true in this case, for it appears that the trial court directed a verdict under an erroneous theory of law. This is clearly indicated in the record before us.

■ Moreover, the Court of Civil Appeals, having properly determined that error was committed in the trial of the case, could properly reverse and remand the entire cause. It has been held that the power of the Court of Civil Appeals in this respect is substantially the same as that of the Supreme Court. Williams v.

Safety Casualty Co., 102 S. W. (2d) 178. In the case of Cheney et al. v. Coffey et al., 113 S. W. (2d) 162, it is said:

" 'The statute provides that the Supreme Court shall reverse and remand, rather than reverse and render, a cause, when the justice of the case demands another trial. R. S. art. 1771. Under this we have held that we will remand rather than render final judgment, where justice will probably be better subserved. Faulkner v. Reed (Texas Com. App.) 241 S. W. 1002. This rule is followed even in cases where the Supreme Court has power under the facts to reverse and dismiss the case. Faulkner v. Reed, supra, Green v. Rugely, 23 Texas 539; Zwernerman v. Rosenberg (Texas Sup.) 11 S. W. 150; Waggoner v. Herring-Showers Lumber Co. et al., 120 Texas 605, 40 S. W. (2d) 1, 4. See, also, Taylor v. U. S. Fidelity & Guaranty Co. (Texas Com. App.) 283 S. W. 161; Donoho v. Lewis (Texas Com. App.) 12 S. W. (2d) 983; Kennedy et al v. American Nat. Ins. Co., Texas Sup., 107 S. W. (2d) 364, 368, 112 A. L. R. 916'."

■ Plaintiffs in error insist that defendant in error had elected to take under the will of Mrs. Pierce and was thereby estopped to assert a different claim, as is attempted in this suit. It is sufficient to say that the record as presented does not show as a matter of law that defendants in error so elected. See 44 Texas Jurisprudence, page 871, Section 29, wherein it is said: "An election may be express or implied. When not expressly made, it is a question of intention and must be decided from all the facts and circumstances of the particular case. The question has been said to be one of fact ordinarily and to be submitted to the jury for determination." We pretermit further discussion in view of another trial.

The judgment of the Court of Civil Appeals which reversed and remanded the judgment of the trial court is affirmed.

Opinion adopted by the Supreme Court, October 23, 1940.

Rehearing overruled November 20, 1940.