**HOWELL et al. v. THOMPSON.**

**No. 11747.**

Court of Civil Appeals of Texas. Galveston.

Nov. 15, 1945.

Rehearing Denied Nov. 29, 1945.

A. T. Carleton, of Houston, for appellants.

Hunt & Lawler, of Houston, for appellee.

GRAVES, Justice.

This statement of the nature and result of the suit is substantially that made by the appellants—with interpolation of the district court's action, in response to a motion then made by appellee therefor, in requiring appellants to first offer their evidence of their claimed right to maintain a contest of the Ulrick will, to-wit:

"This is a will contest, filed by Kate Howell, joined by her husband, M. E. Howell, as the adopted daughter of R. F. Ulrick and wife, Maggie Ulrick, to the probate of the will offered as that of R. F. Ulrick, deceased, by J. M. Thompson. Her claim of adoption was one of estoppel. Her rights accruing prior to the amended Art. 46A, Revised Civil Statutes of Texas.

"The County Court of Harris County, Texas, probated the offered will, and found that contestants showed sufficient evidence of persons interested in the subject-matter of the suit.

"In an appeal by the contestants to the district court of Harris County, Texas, the case was tried before a jury. Contestants introduced their evidence to establish the adoption, and the court then sustained a motion of Proponent for an instructed verdict, and in compliance with such instruction the jury returned its verdict in favor of the proponent, and against the contestants. The Court then dismissed the jury from further consideration of the case, and at a later day in the term heard the evidence of the proponent in support of the probate of said will. Judgment was rendered dismissing the contest, and probating the offered will."

As points for reversal of the judgment so adverse to them below, the appellants present here, in substance, these three points:

Point One. "The trial court erred in instructing the jury to return its verdict against the appellants, as the issue of the adoption of Kate Howell by R. F. Ulrick, and Maggie Ulrick was raised by the pleadings and the evidence; such evidence being sufficient to raise the question of an adoption by estoppel in pais, and to require submission thereof by the court to the jury."

Point Two. "The trial court erred in instructing the jury to return its verdict, against the appellants as to the adoption of Kate Howell by R. F. Ulrick and Maggie Ulrick, for the undisputed evidence showed that, prior to the death of Maggie Ulrick and R. F. Ulrick, they executed their joint will, by the terms of which each left to the survivor the interest in their joint property, and that at the death of the survivor the property to go to their daughter, Kate Howell; such evidence being of sufficient probative force to have such issue of adoption submitted by the court to the jury."

Point Three. "The trial court clearly erred when, after so instructing the jury to return a verdict against the appellant on the issue of adoption, it then discharged the jury which had been chosen to try the case in its entirety, and, at a later date of the term, did alone hear the testimony offered by the appellee to probate the proffered will of R. F. Ulrick, deceased; because the pleadings of the appellants raised the question as to the want of testamentary capacity and of undue influence."

In support of these contentions, appellants' main authorities are these: Art. 42, Revised Civil Statutes; Art. 46a, Revised Civil Statutes; Cubley v. Barbee, 123 Tex. 411, 73 S.W.2d 72; Cheney v. Coffee, 131 Tex. 212, 113 S.W.2d 162; Jones v. Guy, 135 Tex. 398, 143 S.W.2d 906, 142 A.L.R. 77; Trems v. Thomas, Tex.Civ.App. 161 S.W.2d 124; Allee v. Varden, Tex.Civ. App., 112 S.W.2d 237; Aman v. Cox, Tex. Civ.App., 164 S.W.2d 744; Deatherage v. Fort Worth & D. C. Ry., Tex.Civ.App., 154 S.W.2d 918; White v. Holman, 25 Tex. Civ.App. 152, 60 S.W. 437; New Amsterdam Casualty Co. v. First Nat. Bank, Tex. Civ.App., 134 S.W.2d 470; Lane v. Sanders, Tex.Civ.App., 201 S.W. 1018; Sanders v. Lane, Tex.Com.App., 227 S.W. 946; Hopf v. State, 72 Tex. 281, 10 S.W. 589; Jones v. Guy, 135 Tex. 398, 143 S.W.2d 906, 909, 142 A.L.R. 77.

In the state of this record, it is determined that none of these contentions can. be sustained; but that, on facts presented and the law applicable thereto, it must be held that neither the pleadings of nor the supporting evidence produced by the ap-

pellants on that feature raised the claimed issue of an adoption by estoppel in pais, and that, in consequence, appellants having failed in the first instance to sustain the burden on them of showing an interest in the claimed estate of R. F. Ulrick, that their subsequently declared-upon grounds of contest of his will became immaterial.

Further, that the first of these adverse conclusions of law against the appellants is supported by these authorities: Cubley v. Barbee, 123 Tex. 411, 73 S.W.2d 72, 78, 79; Treme v. Thomas, Tex.Civ.App., 161 S.W.2d 124, 129, and 130, no writ; Jones v. Guy, 135 Tex. 398, 143 S.W.2d 906, 142 A.L.R. 77; Sanders v. Lane, Tex.Com.App., 227 S.W. 946; Aman v. Cox, Tex.Civ. App., 164 S.W.2d 744; Cheney v. Coffey, 131 Tex. 212, 113 S.W.2d 162, rehearing denied in 131 Tex. 212, 114 S.W. 2d 533; while the second one of them is clearly ruled by Moore v. Stark, 118 Tex. 565, 17 S.W.2d 1037, rehearing denied in 118 Tex. 565, 21 S.W.2d 296.

A recurrence to appellants' trial petition—and paragraph "V" thereof—will show that nowhere is there an allegation showing a promise, agreement, or contract, by the Ulricks, or either of them, with Kate Howell, or with any other person, that they would or did adopt her, or that she had been adopted; nor are there any allegations that Kate Howell relied upon any such representations.

A like examination of the statement of facts shows that there was, similarly, a complete failure to raise an issue for the jury over the claim they did make to "an adoption by estoppel in pais," in that, nowhere is there a scintilla of evidence of any promise, agreement, or contract, by the Ulricks, or either of them, oral or written, with Kate Howell, or with any other person, that the Ulricks, or either of them, would or did adopt her, or that she had been adopted, and on such representations they had acquired her services and affections.

Indeed, what is considered to be a fair resume of the entire testimony so presented by appellants is that thus made in the appellee's brief:

"(1) Kate Howell: That her first recollection of any persons was of Maggie Ulrick and R. F. Ulrick; that she lived with them as a child from about 1907 in Chicago, Illinois, and later in Muskegon, Mich-

igan, until she was married about 1919; that she called the Ulricks 'Daddy' and 'Mother', and they called her 'Kate' or 'daughter'; that she went to public school and Sunday School as 'Kate Ulrick', married as 'Kate Ulrick', and that the Ulricks were present; that she and her husband moved to Houston about 1921, and about 1923 the Ulricks came to Houston, where Mrs. Ulrick died in 1936, and Mr. Ulrick died in 1944; that the Ulricks were buried in a cemetery lot owned by the Howells.

"(2) C. H. Dinkelacker: That he knew the Ulricks in Chicago, when Kate was about 10 years old, and saw her at the Ulricks' home; that Kate called the Ulricks 'Papa' and 'Mother', and they addressed her as 'daughter'; that in 1928 he came to Houston and visited the Ulricks and Howells, and Kate would call them 'Papa' and 'Mother'.

"(3) Mrs. L. T. Deats: That she knew the Ulricks and the Howells since 1922, and lived about the second door from the Ulricks for three years; that she saw Kate Howell at the Ulricks visiting all the time; that Mr. Ulrick called Kate 'daughter', or 'Kate', and Mrs. Ulrick spoke of her as 'daughter'; that Kate called Mr. Ulrick 'Dad' and Mrs. Ulrick 'Mother', and that Kate was always doing things for them.

"(4) Ben Wilson: That he knew the Ulricks since about 1922, having lived a block from them, saw the Howells at the Ulricks' house, but only infrequently; heard Mrs. Ulrick call Kate 'daughter', and heard Mr. Ulrick call her 'Kate'; that about 1933 he drew a Will for Mr. and Mrs. Ulrick, but never saw it after he wrote it, and read it to them, whereby the surviving spouse should take the estate, and at the death of the last spouse whatever was left should go to their daughter Kate.

"(5) Mrs. Ben Wilson: Testified substantially the same as her husband."

Extended discussion is deemed unnecessary, since it seems clear to this court that appellants so failed to either allege or prove a case of adoption by estoppel in pais; in that there was plainly no showing that the adoptive-parents made a contract with the child, or her natural parent, or with some other person acting on behalf of the child, agreeing to adopt it, and thereafter leading it, or such other person, to believe it had been legally adopted—thereby acquiring its services and affection, whereby they

became estopped to thereafter assert that there had not been a formal and legal adoption.

It is the contract, either oral or written, whether carried out in a manner according to law, or an omission so to do, or even a de facto compliance therewith, which gives rise to the doctrine of adoption by estoppel.

It is the absence of such an agreement, which is totally missing from the evidence offered by appellants in this instance, that rendered their claim insufficient as a basis for the submission of an issue as to adoption to the jury.

These conclusions require an affirmance of the judgment; it will be so ordered.

Affirmed.