## BARROW et al. v. RICH et al.
## No. 4544.

Court of Civil Appeals of Texas. Beaumont.
June 24, 1948.

Rehearing Denied Sept. 15, 1948.

R. E. Biggs, of Liberty, and E. E. Davis, of Dayton, for appellants.

C. A. Miles, Jr., of Liberty, for appellees.

MURRAY, Justice.

This is an appeal from a judgment of the District Court of Liberty County, which judgment was entered upon an instructed verdict in favor of the appellees, who were the defendants in the trial court.

Mary Smith Barrow and Beulah Smith Young, joined by their husbands, sued J. M. Rich and others for certain property which said Rich, et al. had inherited from Land Hylton, deceased. Mrs. Barrow and Mrs. Young alleged that they were the adopted children or heirs of the said Land Hylton, deceased, that the said Land Hylton died intestate and that defendants in the trial court were estopped to deny their adoption by said Land Hylton.

The trial was to a jury and at the conclusion of plaintiffs' evidence the court granted the motion of defendants for instructed verdict. Judgment was rendered on such verdict that plaintiffs take nothing and they have perfected their appeal to this court for review.

A brief resume of the evidence in behalf of the appellants, plaintiffs in the trial court, is as follows: One of the defendants, Rena Simmons, was the wife of Claude Smith before she married George Simmons; she was awarded a divorce from Claude Smith on November 18, 1914, and in the judgment of the divorce was granted custody of her two children, Mary Smith and Beulah Smith. These two minor children, now grown and married, are the plaintiffs in the instant suit. In April, 1915, Mrs. Smith executed the following instrument:

"The State of Texas
"County of Liberty

"I, Mrs. Rena Smith, a widow, hereby authorize and empower my uncle, Land Hylton, to take the complete control, care and custody of my two children, Mary Smith, age six years, and Beulah Smith, age four years; the said children have (been) since my divorce from Claude Smith and long prior thereto, were in my care, control and possession, and the intent of this writing is to release entirely my control and custody of said children, and to surrender to the said Land Hylton complete right and power to care for and control the said two children in all respects as he may deem necessary and best for their interest.

"Witness my hand this 1st, day of April, A.D. 1915.

"(Signature)   Mrs. Rena Smith
"Witnesses:
"J. M. Rich (signature)
"G. C. Land (signature)
"J. E. Hylton (signature)"

Mrs. Simmons testified that she signed the above instrument for the purpose of preventing her former husband, Claude Smith, from taking custody of the two children from her. A neighbor of the parties testified that Land Hylton, the deceased, told her on several occasions that

he had adopted Mary and Beulah Smith; various persons testified that the two girls and their mother lived in the home of Land Hylton, and that he exercised control and discipline over them as long as they lived in his home. Land Hylton took out some life insurance from the Woodmen of the World for $500, payable to the two girls. There was no evidence that Land Hylton ever knew of the execution of the written instrument set out above. There is nothing in the evidence which in any way shows that Land Hylton accepted the instrument or that he ever himself did anything in the way of an agreement to adopt these children.

The appellants cite and rely upon the case of Jones et al. v. Guy et al., 135 Tex. 398, 143 S.W.2d 906, 142 A.L.R. 77. This case is authority for the rule that in certain cases and under certain facts the Doctrine of Equitable Estoppel will effect an adoption of a child even though no formal adoption has been executed.

It is pointed out in the case of Aman v. Cox, Tex.Civ.App., 164 S.W.2d 744 that in such cases of adoption by equitable estoppel the adopted parents made a contract with the child or his natural parents or some person acting on behalf of the child, agreeing to adopt the child, and thereafter led the child or such other person to believe the child had been legally adopted and thereby acquired the services and affection of the child, and they were therefore estopped to assert that the child had not been formally and legally adopted. See also Howell v. Thompson, Tex.Civ.App., 190 S.W.2d 597 in which it is pointed out that it is the contract, either oral or written, whether carried out in a manner according to law or not, or even a de facto compliance therewith, which gives rise to the doctrine of adoption by estoppel.

In the instant case we believe that the evidence adduced by the appellants does not meet the requirements for an adoption by equitable estoppel as set forth by the above authorities. Mary and Beulah Smith did not change their places of residence or living conditions because of the execution of the written instrument by their mother. They were always known by their own names and not that of Land Hylton. There is nothing in the evidence to show that the two girls relied upon any statement by Land Hylton that he had adopted them. There is nothing to show that any fraud was perpetrated upon them. There is a complete absence of any facts which would appeal to a court of equity and require it to decree them to have been adopted by Land Hylton. We do not believe the trial court erred in granting the motion of the appellees for an instructed verdict.

The judgment of the trial court is affirmed.