**ROBERTS et ux. v. SHELL PIPE LINE CORPORATION et al.**

No. 2541.

Court of Civil Appeals of Texas. Waco.

Oct. 28, 1943.

Anderson & Dickson, of Sweetwater, for appellants.

Barksdale Stevens, R. H. Whilden, and Vernon Elledge, all of Houston, and Ratliff & Worrell, of Colorado City, for appellees.

TIREY, Justice.

Oscar Roberts and wife, plaintiffs, brought this suit against Shell Pipe Line Corporation, J. W. Watson, Colorado City, a municipal corporation (incorporated under the general laws), Mitchell County, and the Honorable W. W. Porter, County Judge, for mandatory injunction to compel defendants to remove fences placed across a strip of land alleged to be a public street, and in the alternative asked for damages in the amount of $2,500. The court sustained the plea in abatement of J. W. Watson and he was dismissed. The court submitted the cause to the jury on two issues: (1) whether plaintiffs sustained damages as the result of the closing of Watson Avenue; and (2) the amount of such damage. The jury answered issue No. 1 in the affirmative and No. 2 in the amount of $100. Plaintiffs filed no exceptions to the court's charge; nor did they request other issues, or file motion for instructed verdict. Plaintiffs, in their amended motion for judgment, asked the court to enter judgment in their favor "upon the findings of the jury in response to the special issues submitted to them * * *," and also asked substantially that a mandatory injunction issue against the Shell Pipe Line Corporation, compelling it to remove all the obstructions placed by it on Watson Avenue. The court entered an order overruling said motion. On the same day the court entered a decree wherein it found: "The court finds from the undisputed facts that the plaintiffs, Roberts and wife, are the owners of the land described in their petition, and that said land abuts upon a part of Watson Avenue, but the court further finds that the undisputed evidence is insufficient to show that plaintiffs' land actually abuts upon that part of Watson Avenue actually vacated, abandoned, and closed." The court awarded judgment in favor of plaintiffs against Shell Pipe Line Corporation for the sum of $100, with legal interest and costs, and decreed "that all injunctive relief, as well as all other relief, is hereby denied plaintiffs," and they have appealed.

The judgment of the trial court is assailed substantially on the ground that Watson Avenue was a legally dedicated public street, and plaintiffs, being abutting landowners, are entitled as a matter of law to issuance of a mandatory injunction commanding the City, County and the Shell Pipe Line Corporation to re-open and perpetually maintain Watson Avenue as a

public street. We cannot agree with this contention.

 The record shows the following undisputed facts: In October, 1925, R. T. Manuel subdivided a 30 acre tract into lots and blocks, together with other property (all in the city limits), shown on a plat and dedicated the streets and alleys to the use of the public, and such dedication, together with the plat, was filed with the County Clerk of Mitchell County. In April, 1927, W. W. Watson, owner of 18.3 acres of land in the city limits, subdivided said tract into lots and blocks shown on a plat and dedicated the streets and alleys to the use of the public, and such dedication, together with the plat, was recorded with the County Clerk of Mitchell County. The Manuel tract lies immediately north of the Watson tract, and both tracts are bounded on the east by Watson Avenue. In 1933, plaintiffs bought a 49½-acre tract (acreage in the city limits), the west boundary abutting on the east line of Watson Avenue, the north boundary abutting on the south line of 17th Street, and the south boundary line abutting on the north and east line of a 2.52 acre tract (approximately in the shape of a square, purchased by the Shell Pipe Line Corporation in May, 1928), and the north line of old Snyder public road. The plaintiffs' land is in the shape of a rectangle except for said 2.52 acres. The subdividers of Watson Addition and the Manuel tract recited in the respective plats that each was the owner of all the land subdivided and each subdivider dedicated for street purposes out of the land owned by him the strip known as Watson Avenue. Watson was the owner of that portion of Watson Avenue dedicated to public use and involved in this suit. Plaintiffs did not purchase their tract from Watson, or from his vendees, and they had no privity of contract with Watson, nor did they own the fee title to the center of Watson Avenue, or any part thereof. See Hartwell Iron Works v. Missouri K.-T. R. Co., Tex.Civ.App., 56 S.W.2d 922, 925.

In March, 1942, the Commissioners' Court of Mitchell County passed an order, upon the request of Shell Pipe Line Corporation, to close part of Watson Street and part of 11th Street and part of the alley in block 2 of Watson Addition to public travel and for a quit-claim deed for any interest the county might have in the same. In March, 1942, the City Council of Colorado City passed an ordinance authorizing part of Watson Avenue to be closed to public traffic. This ordinance stated in part: "There are no residences or buildings on the lots contiguous to the above streets and alleys to be closed by this ordinance; neither does the City maintain any water or sewer lines under said streets or alleys to be closed by this ordinance; that the best interest of the City requires that said streets and alleys be closed to public traffic." Thereafter, Mitchell County and Colorado City executed quit-claim deeds to Watson, describing by metes and bounds the particular property sought to be closed to public traffic. Thereafter, the Shell Pipe Line Company acquired by warranty deed 2.82 acres of land from the legal representatives and heirs of W. W. Watson, deceased, which 2.82 acre tract of land lies approximately in the shape of a square, the east line of which is the east line of Watson Avenue and extends north along and adjacent to the 2.52 acre tract, the east line of the 2.82 acre tract being 24.2 feet longer than the west line of the 2.52 acre tract. The City had never kept up or graded Watson Avenue, nor had the six streets opening from Watson Avenue to the west been improved, nor were they visible to travel, except that there was a trailway leading west from plaintiffs' house to Austin Street (which runs parallel to Watson Avenue) between 15th and 16th Streets, diagonally across those blocks. After the Shell Pipe Line Corporation acquired the 2.82 acre tract it built two fences across Watson Avenue (the exact location not shown) in order to close the south end of Watson Avenue, where it formerly opened into Snyder Road. The City had no part in the physical closing of this portion of Watson Avenue and had no intention of doing anything toward physically closing it. It is appellants' contention substantially that the north fence was built across Watson Avenue at a point 24.2 feet north of their southwest corner abutting on the east side of Watson Avenue and that by virtue thereof they are entitled to injunctive relief.

 It is clear to us that appellants are not entitled to injunctive relief. (1) Article 4646a, Vernon's Annotated Revised Civil Statutes, provides in part: "No injunction shall be granted to stay or prevent the vacating, abandonment or closing, by the City Council or governing body of any incorporated city of this State, of any

street or alley in any such incorporated city of this State, except at the suit of the owner or lessee of real property actually abutting on that part of such street or alley actually vacated, abandoned or closed * * *." Does the evidence show without dispute that the Shell Pipe Line Corporation built a fence across Watson Avenue at a point where plaintiffs' land actually abuts that part of Watson Avenue actually vacated, abandoned and closed? We think not. Plaintiffs made no request for such issue to be submitted to the jury, and the trial court found "* * * that the undisputed evidence is insufficient to show that the plaintiffs' land actually abuts upon that part of Watson Avenue actually vacated, abandoned and closed." "Upon appeal all independent grounds of recovery or of defense not conclusively established under the evidence and upon which no issue is given or requested shall be deemed as waived; * * *." Par. 2, Rule 279, Texas Rules of Civil Procedure. See, also, Wichita Falls & O. R. Co. v. Pepper, 134 Tex. 360, 135 S.W.2d 79; Rodriguez v. Higginbotham-Bailey-Logan Co., Tex.Civ. App., 172 S.W.2d 991. (2) Nor did plaintiffs file a motion for instructed verdict setting forth the contention that the evidence was without dispute that such fence was built across Watson Avenue where their property actually abutted. Rule 268, Rules of Civil Procedure; Kansas City Life Ins. Co. v. Duvall, 129 Tex. 287, 104 S.W.2d 11, at page 13. (3) Nor did they file motion for judgment non obstante veredicto, Rule 301, Rules of Civil Procedure; but, on the contrary, plaintiffs filed a motion which asked the court to enter judgment in their behalf on the verdict of the jury. This action of the plaintiffs constituted an election and precluded them from any relief other than that granted to them by the trial court. "The only authority posssessed by a trial court to disregard a finding of a jury upon a material issue submitted to it is that conferred by Article 2211, Vernon's Civil Statutes. Before the authority so to do was conferred by an amendment to that statute the rule was well settled that the trial court was without power to disregard a jury finding upon a material issue, but its discretion was limited to setting aside such finding and granting a new trial or to rendering judgment in conformity thereto, and this even though the court should conclude that there was no evidence supporting the answer."

Southern Underwriters v. Schoolcraft, Tex. Com.App., 158 S.W.2d 991, 994. See, also, Hines v. Parks, 128 Tex. 289, 96 S.W.2d 970; Massie v. Hutcheson, Tex.Com.App., 270 S.W. 544. Moreover, it is well settled that "* * * if there be available an adequate remedy at law in damages, equity will not intervene by injunctive relief." Kahn v. City of Houston, 121 Tex. 293, 48 S.W.2d 595, 599. See also Duvall v. City of Dallas, Tex.Civ.App., 27 S.W.2d 1105, writ ref.

It follows that further discussion of this case would be of no avail and that the judgment of the trial court must be affirmed.

The judgment of the trial court is affirmed.