## FERGUSON v. PARKER.
### No. 13439.

Court of Civil Appeals of Texas. Dallas.

Nov. 19, 1943.

Rehearing Denied Dec. 17, 1943.

Milton J. Baird, of Edinburg, for appellant.

A. F. (Jack) Nossaman, of Sherman, for appellee.

LOONEY, Justice.

Carey E. Parker, the appellee, brought this suit as assignee of D. A. Frank, against A. M. Ferguson, appellant, alleging in substance that appellant engaged the professional services of Frank, a practicing attorney at the Dallas Bar, to make an argument before the Court of Civil Appeals at Eastland in a certain case (alleging its style and number), pending on appeal in said Court, agreeing to pay him $250 for such service; also engaged the services of Frank to appear on the trial of a certain case (alleging its style) pending in the District Court of Haskell County, Texas, agreeing to pay him for such services a fee of $750, and all incidental expenses incurred in connection therewith, alleged to be $12.63; the total amount sued for being $1,012.63, with 6% interest per annum thereon since March 5, 1937. Appellee alleged that although these employments were made orally, subsequently, on October 8, 1935, they were confirmed in writing.

Appellant answered by a general denial, plead the statute of two years' limitation, failure of consideration, in that, through inefficiency and neglect of duty on the part of Frank, the litigation resulted disastrously to appellant; and further alleged that Frank agreed that payment of said fees would be made only from recoveries by the Kate F. Morton Estate in pending litigation, of which appellant was temporary administrator.

Answering appropriate issues, the jury found that appellant employed Frank and personally agreed to pay him the fees and traveling expenses as alleged; that with reasonable skill and diligence, Frank fully performed the services as agreed, and did not agree that he would be paid only from funds recovered for the Kate F. Morton Estate in pending litigation. Based on these findings, the court rendered judgment in favor of appellee for the full amount of the claim sued for, with interest as prayed, and appellant's motion for new trial being overruled, he excepted, gave notice of and perfected this appeal. These findings of the jury, in our opinion, are fully sustained by evidence and are adopted as our fact conclusions on the respective issues. Appellant argues lengthily and profusely to convince the Court that there was a failure of consideration, in that, Mr. Frank (contrary to the findings of the jury) failed to perform with reasonable skill and diligence the professional services as agreed. It is obvious that this was purely an issue of fact, appropriately submitted to the jury, and found against the contention of the appellant. However, in view of his earnest contention to the contrary, we carefully reviewed the evidence and are convinced that the finding of the jury was authorized, hence overrule this contention.

Appellant plead and insists that the claim sued upon was barred by the two years' statute of limitation. In the first place, we do not think the two years' statute applicable, in that, although the agreement between appellant and Frank in the beginning was oral, yet later became a written contract. The record discloses that on October 8, 1935, after the preliminary oral agreement, Frank wrote appellant a letter, stating: "Dear Sir: This will confirm conversations in which you have agreed both, individually, and as Ex-

ecutor of the Morton Estate, to pay me a fee of $250.00 for assisting Mr. Paddock in preparation of Propositions and the argument of the case on the appeal to the Eastland County Court of Civil Appeals, in which you are contesting the award of the Arbitration Board, in the Morton Estate matters. Also, in the suit against the bank, for dishonoring your check, you have agreed to pay me a stated fee of $750.00, and 10% of any recovery over and above, the amount of the actual cash deposited, with the bank, the employment to be, both by you as temporary Administrator, and by you personally. I would also like to know the approximate date, on which I can expect any part of the payment of these fees. Necessarily I have quite a good deal of expenses, and it is essential, that I be able, in some measure, to anticipate whether I shall get any money, out of any particular case or not. * * *."

The agreements, as confirmed in writing, seemingly were acquiesced in by appellant, and later (as found by the jury) were performed by Frank. The doctrine is well settled that an instrument purporting to set forth the mutual obligations of the parties (as in the instant case), signed and performed by one of the parties and acquiesced in by the other, is to be regarded as a written contract. See 17 C.J.S., Contracts, p. 409, § 59; Orbeck v. Alfei, Tex.Civ.App., 276 S.W. 947; Johnson v. Tunstall, Tex. Com.App., 25 S.W.2d 828, and Reeves Furn. Co. v. Simms, Tex.Civ.App., 59 S.W.2d 262. It follows, therefore, that the cause of action was not barred by the two years' statute.

However, appellant argues that as he signed no writing acknowledging the justness of the claim or promising to pay same, as contemplated by Art. 5539, R.C.S., the claim was not relieved of the two years' bar. This statute, in our opinion, has no application whatsoever.

But if, under the circumstances, the letter of confirmation should not be regarded a written contract and that the two years' statute is controlling, yet, as that issue was neither submitted by the court nor requested by appellant, must be regarded as waived. See Rule 279, Tex.Rules Civ. P. We therefore overrule the contention of appellant that the cause of action was barred.

Appellant also questions the right of appellee to maintain the suit for re-

covery of the claim, in that, the proof showed that it belonged to his wife. The pertinent facts are these: Mr. Frank gave the claim in question to his daughter, wife of appellee, and formally assigned same to him. This contention is also overruled, as we think appellee was authorized to sue, either alone or jointly with his wife, for its recovery. See Art. 1983, R.C.S.; 23 T.J., Sec. 286, pp. 328, 329, 330, and authorities cited.

After duly considering all points of error urged by appellant for reversal, and finding no reversible error, the judgment of the court below is affirmed.

Affirmed.