## JAMES v. MISSOURI–KANSAS–TEXAS R. CO. OF TEXAS.

### No. 2586.

Court of Civil Appeals of Texas. Waco.

July 20, 1944.

Rehearing Denied Oct. 26, 1944.

George Clark and F. R. Valentine, both of Waco, for appellant.

Naman, Howell & Boswell, of Waco, for appellee.

RICE, Chief Justice.

W. C. James instituted this suit against Missouri-Kansas-Texas Railroad Company of Texas to recover damages for personal injuries allegedly suffered by him and proximately caused by the negligence of the defendant. Upon plaintiff's announcement that he had rested his case, the defendant presented to the trial court its written motion for an instructed verdict; the trial court thereupon instructed the jury to return a verdict for defendant, and plaintiff has appealed.

In our opinion plaintiff's pleadings were sufficient in the absence of a special exception, to state a cause of action. Rule 47, Texas Rules of Civil Procedure. Defendant did not question the sufficiency of plaintiff's pleadings either by special exception or by objection to the testimony because without support in the pleadings.

Plaintiff takes the position that he was entitled under the evidence to have submitted to the jury the issues of fact as to: (1) Whether or not the failure of the defendant to place any barrier across the sidewalks at this crossing constituted negligence which proximately caused this plaintiff's injury; (2) whether or not the railroad company's failure to provide any temporary structure across its tracks in

the sidewalk line at the place in question constituted negligence causing this appellant's injuries; (3) whether or not the acts of the railroad company in permitting that portion of its ties immediately adjacent to the ditch which it had excavated across the railway lines to be covered with rock and gravel and dirt, constituted negligence under the circumstances which caused the appellant's injuries; and (4) whether or not the failure of the railroad company to provide any character of warning to pedestrians that it was not safe to use the walkway which stood unobstructed and unbarred, constituted negligence which was a proximate cause of the appellant's injuries.

It is the contention of defendant that the judgment of the trial court should be affirmed because: (1) There was no evidence upon which a jury could have based a finding of actionable negligence against it; (2) under all the evidence, plaintiff was familiar with the crossing over defendant railroad, and knew of at least two different routes to his destination which would not have required him to cross the ditch which he was attempting to cross when he fell; and having voluntarily chosen his route, he was not entitled to recover; (3) the condition was open and obvious and plaintiff's fall was due to a miscalculation of his ability to jump the ditch in the manner that he attempted to do so; and (4) because the uncontroverted evidence shows that plaintiff as a matter of law was guilty of contributory negligence which proximately caused or contributed to cause him to fall.

In view of the instructed verdict, it is our duty to disregard all conflicts in the testimony; to consider the evidence adduced in the case in the light most favorable to plaintiff, and to indulge in his favor every intendment reasonably deducible from the evidence. Anglin v. Cisco Mortgage Loan Co., 135 Tex. 188, 141 S.W.2d 935.

When the facts are controverted, or such that different inferences may be reasonably drawn therefrom, an issue of fact is raised; it is only when the evidence is harmonious and consistent, and the circumstances permit of but one conclusion, that the question becomes one of law for the determination of the court. Wininger v. Fort Worth & D. C. R. Co., 105 Tex. 56, 143 S.W. 1150.

The accident occurred within the corporate limits of Waco, Texas, at the intersection of South Third and Jackson Streets. The last mentioned street runs in an east and west direction, and is crossed at right angles by South Third Street. The defendant had four lines of parallel tracks running along Jackson Street and across the intersection above mentioned. On the day in question defendant was engaged in repairing its tracks, and the warning gates were down across South Third Street preventing vehicular traffic from crossing its lines on Jackson Street. There were no warning gates or other obstructions or warnings across the sidewalk along either side of South Third Street to prevent pedestrians from proceeding along said sidewalks and from crossing defendant's lines at said intersection. In making the repairs above referred to defendant had caused the rock and other ballasting materials to be removed from its tracks down to the bottom of the cross-ties. A ditch about 18 inches wide and about the same depth had been dug along the ends of the ties on the north side of the north track. The rock and ballasting materials had been replaced east of Third Street near to the east line in the intersection.

A few minutes before the accident, and about 10:00 A.M., plaintiff, seventy-two years of age, had proceeded south from his home down the east side of South Third Street to a filling station situate on said street. When he reached the point on the sidewalk where defendant's four lines of track crossed said street, he saw that the warning gates across the street were down, thereby preventing vehicular traffic across the intersection, and he saw the repair work being carried on by defendant's employees. Part of the sidewalk over the east side of the intersection was torn up or removed, but by leaving the sidewalk and detouring to his left not more than ten feet he was able to cross the defendant's four lines of track on level ground without difficulty. In returning from the filling station plaintiff, accompanied by a young man, crossed to the west side of Third Street and proceeded north to the above mentioned intersection crossed by defendant's tracks. There he found that no crossing over the intersection on the west side of Third Street had been provided for pedestrians by defendant; and that the ballasting materials had been removed from each of defendant's four tracks to the bottom of the cross-ties. Mr. James' companion preceded him and crossed safely. By walking on the uncovered cross-ties, and stepping

over the rails, Mr. James crossed the first three tracks and the first rail of the fourth track, stepped over the remaining rail onto the end of a cross-tie, and when he attempted to step from there, a distance of two or three feet, across a ditch dug in the concrete at the end of the cross-ties, some substance on the end of the cross-tie caused his foot to slip; he caught the edge of the ditch with his toe, fell, and was injured. Plaintiff testified that his eyesight was good; that he did not know what the substance was on the end of the tie that caused his foot to slip; that it could have been a rock or gravel, that he did not look to see.

The effect of plaintiff's testimony is that he saw the condition of defendant's tracks before he attempted to cross the same. When he made the attempt, he knew that by crossing to the other side of South Third Street he had a safe and practical crossing because he had crossed there a few minutes before without difficulty. Although the conditions were open and obvious, plaintiff chose the difficult and potentially dangerous route because he said he thought he could walk on the ties and cross.

 It was the duty of defendant to keep that portion of its roadbed and right-of-way over and across South Third Street in proper condition for the use of the traveling public. Art. 1151, Vernon's Ann.Civ. Stats. During the time it was repairing the crossing it was defendant's duty to provide a reasonably safe detour or temporary way, or to direct travelers to cross by another way, or to warn one approaching the crossing of the dangers. 35 T.J. p. 452, Sec. 301; Texas Midland R. Co. v. Johnson, 20 Tex.Civ.App. 572, 50 S.W. 1044. When the condition was open and obvious and known to plaintiff, defendant's failure to erect a barricade or warning could not be held to be the proximate cause of plaintiff's injuries. Stamford Oil Mill Co. v. Barnes, 103 Tex. 409, 128 S.W. 375, 31 L.R.A.,N.S., 1218, Ann.Cas.1913A, 111; Texas Pipe Line Co. v. Vaught, Tex.Civ.App., 294 S.W. 865; Texas & P. R. Co. v. Howell, Tex.Civ.App., 117 S.W.2d 857. It is also the general rule that "when two ways of travel are open or available, one of which is safe and the other unsafe, it is the duty of the traveler who knows the condition of both ways to select the safe one; if he chooses the unsafe way and is injured, he cannot recover * * *. But knowledge of the choice is an essential element in such a case, and the rule does not apply unless the street used is in such a condition as to require the traveler, in the exercise of ordinary care, to depart from his customary route and use another." 39 T.J., p. 704, Sec. 129.

The condition of the crossing which plaintiff attempted to use was open and obvious and well known to plaintiff. He also knew that he had, conveniently at hand, a safe and practical route across defendant's lines. Under the facts, the failure of the defendant to barricade its crossing against pedestrian travel or to erect a warning sign across the sidewalk cannot be held to be the proximate cause of plaintiff's injury. Stamford Oil Mill Co. v. Barnes, 103 Tex. 409, 128 S.W. 375, 31 L.R.A.,N.S., 1218, Ann.Cas.1913A, 111; App., 294 S.W. 865; Texas & P. R. Co. v. Howell, Tex.Civ.App., 117 S.W.2d 857.

We are also of the opinion that plaintiff was guilty of contributory negligence as a matter of law in failing to use the safe crossing on the other side of the street, and in attempting to cross at a point where the dangers were open and obvious. United Gas Corporation v. Crawford, 141 Tex. 332, 172 S.W.2d 297.

The judgment of the trial court is affirmed.