## MERRIMAN et al. v. LARY et al.
### No. 2684.

Court of Civil Appeals of Texas. Waco.
July 11, 1946.

Rehearing Denied Sept. 19, 1946.

W. L. Wray, of Hillsboro, and Lem Wray, of Waxahachie, for appellants.

Wm. C. Morrow and Frank McDonald, both of Hillsboro, for appellees.

TIREY, Justice.

Mrs. Ella Merriman, joined by her husband, sued Mrs. Carrie Smith Lary, widow of W. M. Lary, deceased, alleging in effect that about 1903, W. M. Lary and wife executed and acknowledged a written agreement adopting said plaintiff as their daughter and agreeing to leave their property to her at their death; that said original agreement was delivered into the possession of the Larys for filing and for record but for some cause to plaintiffs unknown said instrument was never filed for record in Hill County or Tarrant County; that the Larys gave her the name "Ella Lary" and that the Larys held her out to all the world as their child and she was accorded such rights and privileges; that the Larys supported her as a daughter; sent her to school; provided food, clothing and shelter and furnished to her other necessities of life as their daughter in their home; that she was generally known and regarded in the community in which they lived and among the friends of the family as the adopted daughter of the Larys, and that as such daughter she did the housework and worked on the farm during all of the time she lived in said home; that after the death of W. M. Lary on March 16, 1925, Carrie Smith Lary, as an unmarried woman, continued to recognize plaintiff as her adopted daughter and that said daughter and mother continued in the same manner as prior to the death of W. M. Lary, and that said Carrie Smith Lary expressly agreed with plaintiff to carry out said adoption contract and did ratify and confirm said contract after she became a widow and agreed with plaintiff to leave her all of her property at her death; that plaintiff relied implicitly on the statements made to her by W. M. Lary and his wife, Carrie Smith Lary; that plaintiff having performed her agreement and duties as a daughter in the home for the use and benefit of the Larys, it would be unjust and inequitable for Carrie Smith Lary, either in her individual capacity or as surviving widow of W. M. Lary, not to perform said agreement, and specially plead equitable estoppel and for specific performance. She prayed in effect that the court decree that she was the adopted daughter of W. M. Lary and Carrie Smith Lary, and that she, as such, recover the undivided one-half interest of W. M. Lary, deceased, in the property described in the petition, and that defendant, Carrie Smith Lary, individually and as surviving widow of W. M. Lary, be compelled to perform her contract. Plaintiffs further alleged that Josephine Slater, a feme sole, was asserting some character of interest in and to the land described in said petition, and that the claims asserted by said Josephine Slater are fraudulent, and that plaintiffs were entitled to judgment against her for said land and premises.

Pertinent to this discussion, it is sufficient to say that defendant, Carrie Smith Lary, entered a general denial and specially pleaded the two and four year statutes of limitation, and further specially pleaded that the contract relied upon by plaintiffs was void and contravened our Statute of Fraud. Art. 3995, R.C.S.

Defendant, Josephine Slater, answered and adopted in toto the answer of Carrie Smith Lary and expressly denied that W. M. Lary ever adopted plaintiff, and she further specially pleaded our three, five and ten year statutes of limitations. Arts. 5507, 5509 and 5510, R.C.S. By way of

cross-action she set up in effect that she was the owner in fee simple of the premises in question; that she had paid all of the taxes thereon from the year 1935 to the present time, and in addition thereto she paid the taxes for the year 1931; and that in the event she does not have title to said property or any part thereof, she is entitled to have impressed thereon an equitable lien to the extent of the taxes so paid by her.

The court in its charge submitted only one issue to the jury and it was:

"Special Issue No. 1; Do you find and believe from a preponderance of the evidence that W. M. Lary and Carrie Smith Lary made an agreement to adopt the plaintiff, Mrs. Ella Merriman, as their daughter? Answer 'yes' or 'no,' " to which the jury in its verdict answered "No."

Appellees seasonably filed their motion for judgment, which was granted by the court, and the court decreed that the plaintiffs take nothing by their suit, and further decreed that Josephine Slater recover on her cross-action title and possession of the property in question from Ella Merriman and her husband, W. J. Merriman.

■ Appellants' third point is: "The case should be reversed because the trial court did not submit the ultimate issues of fact." We sustain this contention. Appellants seasonably objected to the court's charge and in connection therewith tendered certain special issues to the court sufficient to call the court's attention to his failure to submit the ultimate issues of fact tendered by the pleadings and raised by the evidence. Appellants' objections to the court's charge were overruled and the court refused to submit any of the special issues requested, to which appellants seasonably objected. Appellants contend that their case comes within the doctrine announced by our Supreme Court in Cubley v. Barbee, 123 Tex. 411. 73 S.W.2d 72. We agree with this contention. This view we think is inescapable after reading a more recent decision by our Supreme Court in Jones v. Guy, 133 Tex. 398, 143 S.W.2d 906, 909, 142 A.L.R. 77, opinion (adopted by S.Ct.)

by Mr. Justice Slatton. In this latter case we find this statement: "The testimony in the Cubley case shows that the adoptive parent had there executed and acknowledged an instrument as part of the agreement under which the child was taken, which the Court of Civil Appeals * * * construed as being testamentary in character, and concerning which instrument the Supreme Court held that the adoptive parent by her acts and representations was estopped to deny that it was a deed of adoption. But the doctrine of equity upon which decision in the Cubley case was based does not rest upon execution of the adoption deed. It rests upon the adoptive parent having received the benefits of the relation fully performed by the child. The language of the rule itself as declared in the Cubley case, as well as the authorities there cited from which the rule is drawn, clearly shows that exercise of the equitable power of the court to grant relief to the child, against the fraud of the adoptive parents' neglect or design in failing to do that which he in equity was obligated to do, is not dependent or conditioned upon such adoptive parents having executed but failed to file an instrument of adoption." Owing to the fact that this cause will have to be re-tried, we do not think that any useful purpose can be gained by a discussion of the testimony adduced. Since the opinions aforesaid by the Supreme Court are clear and controlling, further discussion of the applicable law would be of no avail. Suffice it to say that upon the trial of any jury case, it is the duty of the trial court to submit the controlling issues of fact to the jury tendered by the pleadings and raised by the evidence. Rule 279, T.R.C.P. The rule in Texas is: "When the facts are controverted, or such that different inferences may be reasonably drawn therefrom, an issue of fact is raised; it is only when the evidence is harmonious and consistent, and the circumstances permit of but one conclusion, that the question becomes one of law for the determination of the court. Winingar v. Ft. Worth & D. C. Ry. Co., 105 Tex. 56, 143 S.W. 1150." See James v. Missouri-Kansas-Texas R. Co., Tex.Civ.App., 182 S.W.2d 921, 922, point 2, writ refused.

Appellants' first point is: "The case should be reversed because the trial court erroneously excluded material portions of the deposition of the witness, Robert Markum, tending to establish the fact of the execution of such adoption." Upon the trial appellants tendered direct interrogatories from the deposition of their witness, Robert Markum. When appellants had finished tendering their direct interrogatories, they also tendered the cross-interrogatories propounded to witness by appellees, and the court refused to permit the cross-interrogatories to be introduced. Such action of the court was reversible error. Previous to the adoption of the new rules, the rule was: "When cross-interrogatories have been filed and answered, either party has the right to use the depositions on the trial." 15 Tex. Jur. 95, sec. 52, and authorities collated under Note 20. Rule 211, T.R.C.P., provides: "Regardless of whether cross-interrogatories have been propounded either party has the right to use the depositions on the trial." It is obvious that the cross-interrogatories were admissible under both the old rules and the new rules. After the witness had testified to the effect that in the year 1903 he accompanied his father to the office of the County Judge of Hill County, he was asked the question: "Did your father know W. M. Lary and Carrie Smith Lary, who resided about three miles south of Hillsboro," and the court sustained the objection to it on the ground that the witness' answer, which was favorable to appellants, was hearsay. Following that question, the following interrogatory was propounded to the witness: "Did you hear your father and W. M. Lary and Carrie Smith Lary in conversation while you were with them in the County Judge's office?" The court sustained objection to the witness' answer, which was also favorable to appellants, on the ground that it was hearsay, and further because the witness had not expressly testified that he knew the Larys. Appellants tendered the following interrogatory: "Did you hear W. M. Lary and Carrie Smith Lary acknowledge before the County Judge that they had signed the papers for the purposes and consideration therein expressed?" The court sustained appellees' objection to the witness' answer, which was favorable to appellants, on the ground that the witness had not previously testified that he knew the Larys. We think such ruling was error. The objections went to the weight of the testimony. For example, if counsel for appellees were placed on the witness stand and asked whether he knew Judge W. E. Spell, formerly of Hill County, now deceased, knew Judge W. C. Wear of Hill County, now deceased, or overheard a conversation between them, and he said that he did, we think such testimony would be admissible whether the witness had previously testified that he knew Judge Spell and Judge Wear in their lifetimes or not. Appellants also tendered Interrogatory No. 12, and the answer thereto. Interrogatory No. 12 was: "Whose name was signed to the instrument as County Judge?" And the witness' answer thereto was: "Judge L. C. Hill was County Judge and he was asking them the questions." The court sustained objection to this testimony, and in connection therewith made this comment: "I knew Judge Hill very well and I couldn't tell you right now whether he was County Judge at that time or not, and if I don't know how does that witness know." Appellants seasonably objected to these remarks by the court, and we think it is obvious that this remark of the court was a comment upon the competency and credibility of the witness as well as the weight to be given to his testimony.

For the errors discussed, the judgment of the trial court is reversed and the cause is remanded.

On Appellees' Motion for Rehearing.

Appellees, in their motion for rehearing, urge that if the judgment of this court reversing and remanding this cause is permitted to stand, that we should tell the trial court the issues to be submitted.

In view of the fact that the cause will have to be retried, and because we cannot foretell what testimony will be adduced, we do not deem it advisable to formulate the issues to be submitted to the jury by the trial court. We think the opinion of our Supreme Court in Cubley v. Barbee, 123 Tex. 411, 73 S.W.2d 72, and the opin-

ion in Jones v. Guy, 135 Tex. 398, 143 S.W. 2d 906, 142 A.L.R. 77, are sufficient to guide the trial judge in the preparation of the issues.

 Appellees contend that notwithstanding the grounds upon which this cause was reversed, that they are entitled to have the judgment affirmed because they specially plead limitation and that the evidence conclusively shows that appellee Josephine Slater had title to the land in question by virtue of the five year statute of limitation. Art. 5509, R.C.S. We cannot agree with this contention. (1) Appellees tendered in evidence a deed to the land in question from Carrie Smith Lary to Josephine Slater, which deed, among other things, provided:

" * * * It is further hereby specially agreed and covenanted that the above described premises, together with all appurtenances hereto anywise belonging, shall remain in the quiet and peaceful possession of the said Carrie Smith Lary to have and enjoy the usufruct and all the rents and profits arising therefrom during the natural life of said Carrie Smith Lary.

"The above described property to pass immediately into the possession of said Lilla Josephine Slater in fee simple title in accordance with the terms of this deed.

"Said Carrie Smith Lary during her natural life shall have the control and management of said above described property. * * * "

In addition thereto, appellee Josephine Slater testified in part as follows:

"Q. It appears that Mrs. Lary has executed two deeds to you. Prior to the execution of those deeds, did she discuss the matter with you? A. Mrs. Lary wanted me to have some security, since I had helped her, and in case anything happened to me I would have some means of livelihood, because I had spent what money I had helping her."

The burden rested upon appellee Josephine Slater to establish her limitation title. We have again carefully reviewed the statement of facts and we think it is ob-

vious that appellee Slater has not carried this burden. In Simonds v. Stanolind Oil & Gas Co., 134 Tex. 332, 114 S.W.2d 226, 230, 136 S.W.2d 207, point page 230, our Supreme Court, in quoting from the opinion in Parker v. Baines, 65 Tex. 605, said: " 'It is necessary, to set the statute of limitations in motion, that the possession be actual, visible, notorious, distinct and hostile.' " The rule in Texas is that in order for possession to be adverse it must be exclusive. See authorities collated in Old National Life Ins. Co. v. Jerusalem Lodge No. 67, Free & Accepted Masons, Tex. Civ.App., 192 S.W.2d 921, cases collated on page 928.

 (2) Appellees made no request for a directed verdict; nor did they file any objection to the court's charge for failure to submit limitation; nor did they request the submission of said issue; nor did they thereafter file a motion for judgment non obstante veredicto. See Rules 268, 279 and 301 T.R.C.P. See also, Roberts v. Shell Pipe Line Corporation, Tex.Civ.App., 175 S.W.2d 106, pt. page 108. After the jury's verdict was returned appellees did file a motion for judgment on the pleadings and the evidence and the verdict of the jury, which motion was granted. Limitation is a special defense and must be specially plead and it was an independent ground of recovery that appellees relied upon to defeat the cause of action asserted by appellants. In Wichita Falls & Oklahoma Railway Co. v. Pepper, 134 Tex. 360, 135 S.W.2d 79, point page 85, we find this statement of the general rule by the Supreme Court:

" * * * if the party has failed to request for submission such issue, or issues, as will sustain his action or defense, he has not met the burden placed upon him by law, and no waiver can be imputed to the other party for such failure. For instance, in the case of Kirby Lumber Co. v. Conn, 114 Tex. 104, 263 S.W. 902, it was held that the issue of limitation not having been submitted or requested, the trial court did not have the power, under the statute, to make such findings in order to sustain the judgment of the trial court."

658

See also: Ferguson v. Parker, Tex.Civ. App., 176 S.W.2d 768, point 5.

It follows that appellees' motion for rehearing must be overruled, and it is so ordered.