**MERRIMAN et al. v. LARY et al**

**No. 2740.**

Court of Civil Appeals of Texas. Waco.

Oct. 2, 1947.

Rehearing Denied Oct. 30, 1947.

W. L. Wray, of Hillsboro, and Lem Wray, of Waxahachie, for appellants.

Morrow & Calvert, of Hillsboro, for appellees.

TIREY, Justice.

This is an adoption case and is the second appeal. See Tex.Civ.App., 196 S.W.2d 652. On the second trial plaintiffs abandoned their claim of adoption by the defendant Carrie Smith Lary and sought to establish a contract of adoption executed solely by W. M. Lary, deceased, and further alleged substantially that W. M. Lary failed to file said contract of adoption for record, but that he held out plaintiff Ella Merriman as his child by adoption and that Ella Caldwell, having entered the home of W. M. Lary and having performed services of a child in said home "under the belief and relying upon the circumstances of an adoption, and the delivery by her from said Morris to W. M. Lary for the purposes of adoption, it would be unjust, unconscionable and inequitable for defendants, or any one undertaking to claim under said W. M. Lary, to deny said adoption, but should be

compelled by specific performance in equity, to perform his adoption, and plaintiffs now specifically plead equitable estoppel against defendants." Plaintiffs prayed substantially that Ella Merriman be adjudged to be the adopted daughter and sole heir at law of W. M. Lary, deceased, and that she recover his interest in the community property; that defendants be precluded from their claims under the doctrine of equitable estoppel, and that the cloud cast upon plaintiffs' undivided interest in the property that she inherited be removed. Pertinent to this discussion, defendants in their pleadings denied all of these allegations and specifically pleaded that neither W. M. Lary nor Carrie Smith Lary were ever under any legal obligation whatsoever to the girl Ella, and that the only agreement made by W. M. Lary with the Rev. I. Z. T. Morris (who delivered the child to the Larys) was to take the child, Ella Caldwell, and give her a home and rear and educate her to maturity and that this agreement had been fully performed; that W. M. Lary did not sign a written instrument adopting Ella Caldwell before Judge L. C. Hill about the year 1903; that plaintiff had been guilty of negligence in asserting her claim as an adoptive daughter of W. M. Lary, deceased; that defendant, Miss Josephine Slater, would not have paid the taxes and insurance on the property in question from the year 1935 to the date of the filing of this suit if plaintiff had not been guilty of negligence in asserting her claim as an adoptive daughter of W. M. Lary, deceased.

At the conclusion of the evidence plaintiffs seasonably filed motion for instructed verdict, which was overruled. The jury in its verdict found substantially that W. M. Lary did not agree with nor did he represent to Rev. Morris that he would adopt the child, Ella Caldwell; that W. M. Lary did not agree with nor did he ever represent to Ella Caldwell that he would adopt her or that he had adopted her; that Ella Caldwell did not remain in the home of W. M. Lary and perform services therein in reliance upon an agreement by W. M. Lary to adopt her, nor in reliance upon representations that he had adopted her or would adopt her; that the only agreement made

by W. M. Lary with Rev. Morris was to take the child and give her a home and rear and educate her to maturity; that W. M. Lary did not sign a written instrument adopting Ella Caldwell before Judge L. C. Hill about the year 1903; that the plaintiff Ella Merriman had been guilty of negligence in asserting her claim as an adopted child of W. M. Lary, deceased; that defendant Carrie Smith Lary would not have continued to support and maintain the plaintiff from 1925 until the date of her marriage in 1941 if the plaintiff had not been guilty of negligence in asserting her claim as an adopted daughter of W. M. Lary; that defendant Slater would not have paid the taxes and insurance on the property involved from the year 1935 to the date of the filing of the suit if plaintiff had not been guilty of negligence in asserting her claim as the adopted child of W. M. Lary. It was without dispute that Ella Merriman remained in the home of W. M. Lary and his wife from the time she was placed there by the Rev. Morris until W. M. Lary's death, which occurred in 1925; that Ella Lary attained her 21st birthday before his death, and that she continued to live in the home with Mrs. Lary until she married Merriman in the year 1941.

Plaintiffs seasonably filed motion for judgment non obstante veredicto, which the court overruled, and granted defendants' motion for judgment, which judgment followed the verdict; and plaintiffs have appealed.

■ Point 2 assails the action of the court in refusing to grant plaintiffs' motion for continuance. We overrule this point. The application for continuance was filed and sworn to by plaintiffs' counsel. It set up substantially that the affiant had on that day conferred by telephone with Mrs. Merriman and she advised him that her husband's condition was such that she could not safely be away from him during his illness; that her husband was advanced in age, approximately seventy-five years old, and that he had been in ill health for some time and that he was afflicted with influenza; that "it is necessary to have said plaintiffs present in court to direct their said cause, and to testify therein, and to meet testimony which

may be offered by defendants." The order overruling application for continuance, among other things, states that when the motion was presented it was not supported by any doctor's certificate. Plaintiffs' counsel did exhibit to the court a telegram received by them on the morning of February 11th before court convened, reading as follows: "Impossible to get there. We both have a cold and afraid getting more if the case is tried. I will appeal for new trial. Ella Merriman." It is obvious that this application for continuance does not comply with Rule 252, T.R.C.P., which is controlling. See also Roosth & Genecov Production Co. v. Shell Oil Co., Tex.Civ.App., 175 S.W.2d 653, point 1. Moreover, it was the plaintiffs' second application for a continuance since this cause was reversed and remanded. Appellant, Ella Merriman, had testified on the former trial, and appellants made no effort to lay a proper predicate for the introduction of her testimony at the former trial, nor did they tender the same (17 Tex.Jur. 658); nor had plaintiffs made any effort to take the depositions of the Merrimans. Since the appellants' application for continuance did not comply with the rule above cited, its disposition rested largely in the discretion of the trial court and we do not think the trial court abused its discretion in refusing the application. Berry v. Hindman, Tex.Civ.App., 129 S.W. 1181, point page 1185 (writ ref.).

Point 1 is: "This case should be reversed, and judgment rendered for plaintiffs, because plaintiffs established the fact that deceased W. M. Lary, intestate, took plaintiff Ella (Lary) Merriman into his home as his own and that she fully performed the duties and services under such relation, such case (testimony) being uncontroverted." (Parenthesis ours.) We cannot agree with this contention.

■ Appellants tendered in evidence an application dated April 27, 1903, signed by W. M. Lary and Carrie Smith Lary, which was the form used by the Texas Children's Home Society of Fort Worth, Texas, on which was printed, "Application for Children." This instrument also had printed thereon "Conditions Upon Which Children Are Placed In Families: 1. The husband and wife must both be of good moral character. 2. That the family be in such financial condition as to give the child a suitable education. 3. The children are placed on ninety days trial. 4. At the expiration of the ninety days the child will be adopted or a legal contract be made to keep it to maturity. We agree to the above." Ella Merriman had the burden of showing her status in the home of W. M. Lary, deceased. Our view is that the evidence does not conclusively show under which of the above conditions Ella Merriman was taken into the home, and therefore she was not entitled to an instructed verdict. Appellants further contend that since the trial court, over timely objection, permitted appellees to introduce in evidence testimony of defendants Carrie Smith Lary and Joesphine Slater as to transactions with decedent, in violation of Art. 3716, R.C.S., generally referred to as the "Dead Man's Statute", and since such testimony should have been excluded, there was no contradiction of the testimony tendered by appellants as to adoption, and that the court erred in refusing their motion for an instructed verdict and their motion for judgment non obstante veredicto, seasonably filed. We overrule this contention.

■ On the first trial plaintiffs took the deposition of Carrie Smith Lary. On the second trial plaintiffs did not tender such deposition, but defendants tendered a part of the deposition developed by appellants. Appellants recognize the rule "that when a party takes the deposition of a witness concerning a transaction with a deceased person, he thereby 'calls' the witness within the meaning of the statute above referred to and waives his right to object to the evidence concerning the transaction with the deceased." See Lehman v. Howard, Tex.Civ.App., 133 S.W.2d 800, points 5 and 6, page 801. See also Allen v. Pollard, 109 Tex. 536, 212 S.W. 468; Pruett v. First National Bank of Temple, Tex.Civ.App., 175 S.W.2d 658, point 6. But they say that such rule of law is not applicable to them because there was a change in the relation of Carrie Smith Lary to the subject matter in suit between the time her deposition was taken and the second trial. We do not share this

view. Their contention is based solely on the fact that in the second trial appellants did not seek to show that Carrie Smith Lary joined with her husband in executing the alleged contract of adoption before L. C. Hill, County Judge of Hill County, and they say in their brief here that they ask no relief against her individually by reason of such adoption contract. The subject matter on the first trial, as well as on the second trial, was to recover the interest of W. M. Lary in the property he died seized and possessed of, and plaintiffs on the first trial sought to recover it by pleading an express contract of adoption against W. M. Lary and his wife and also by the doctrine of equitable estoppel. On the second trial the parties and the subject matter remained the same, and plaintiffs sought to show their right of recovery by pleading an express contract of adoption against W. M. Lary only, and sought further to recover such interest of W. M. Lary under the doctrine of equitable estoppel, which they pleaded substantially as pleaded on the first trial, and they further pleaded that the defendants, Mrs. Lary and Miss Slater, were both estopped under such doctrine to claim the property of W. M. Lary, as they did on the first trial, and prayed in effect that Ella Merriman recover the interest of W. M. Lary as an adoptive heir, and that the cloud cast upon her title by the claims of defendants be removed, as in the first trial. We think a careful reading of art. 3716, R.C.S., is a complete answer to appellants' contention. Our Supreme Court in Ragsdale v. Ragsdale, 142 Tex. 476, 179 S.W.2d 291, 294, point 4, said: "The word 'party', as used in the article, includes not only parties of record, but all persons enumerated in the statute, that is, executors, administrators, guardians, heirs, and legal representatives, who may have or claim an actual and direct interest in the matters litigated which pertain to the deceased or his estate. Simpson v. Brotherton, 62 Tex. 170; Clark v. Briley, Tex.Civ.App., 193 S.W. 419, writ refused."

█ Appellants' third point is: "This case, in the alternative, should be reversed and remanded because the trial court failed and refused to submit to the jury the ultimate issues of fact of adoption by equitable estoppel, and refused such issues tendered by the plaintiffs." We overrule this contention. We have previously stated the findings of the jury, which disclose the nature of the issues submitted by the trial court, and we think such issues submitted every issue tendered by the pleadings of appellants as well as all issues raised by the evidence or reasonable inferences legally deducible therefrom. The appellants sought by pleading and tendered evidence sufficient to raise the question of adoption by contract, which issue was decided against them. The issue of equitable estoppel was raised by the pleadings and evidence, which issue was submitted to the jury and was decided adversely against them. The application which W. M. Lary and his wife made to the Texas Children's Home Society does not disclose any intention to adopt. The application expressly provided that any children taken from the home were taken on ninety days trial and that at the expiration of ninety days the child would be adopted or legal contract be made to keep it until maturity. This testimony was tendered by appellants. It is clear that the burden was on the appellants to establish which course W. M. Lary pursued after he took the child into his home and she had the burden of establishing the same by a preponderance of the evidence. Under the law as it existed at the time Lary and his wife took the child, his course of action could have been proved by statutory legal adoption, or adoption by contract, or by the doctrine of equitable estoppel. Statutory adoption was not tendered by the evidence, but the ultimate issues of adoption by contract and adoption by equitable estoppel were tendered by the evidence and fully submitted to the jury; and since each of them was decided adversely against appellants, and since the testimony is ample to sustain the verdict of the jury, further discussion would unduly extend this opinion.

After a most careful consideration of this record, we find no error, and the judgment of the trial court is affirmed.