PRICE v. PRICE et al.

No. 5903.

Court of Civil Appeals of Texas. Amarillo.

Jan. 3, 1949.

Rehearing Denied Feb. 21, 1949.

T. C. Chadick, of Quitman, and Simon & Simon, of Fort Worth, for appellant.

Jones & Jones, of Mineola, Dillard Baker, of Houston, and John D. Glass, of Tyler, for appellees.

LUMPKIN, Justice.

This suit was filed by the appellant, John L. Price, to recover an undivided interest in a tract of land situated in Wood County, Texas. This tract had originally been owned by Sam Price, Sr., and his wife, Rosetta, both of whom died intestate leaving as their heirs the following children: Sam Price, Jr., Colonel Price, Mabel Price Lindsey, Waddell Price, and Gould Price.

Gould Price was married to Marguerite Williams Price. No children were born of this marriage. The undisputed testimony shows the appellant to be the illegitimate son of Gould Price. The appellees herein are the legal heirs of Gould Price, i. e., his brothers and sister, and their assigns.

In his first amended original petition the appellant pleaded a parol contract of adoption between Gould Price and Lizzie Skief Davis, his mother, and sought to enforce it against Gould's legal heirs and their assigns on the theory of adoption by equitable estoppel.

In answer to appellant's petition the appellees pleaded that Gould Price was married at the time the appellant was born; that the appellant was an illegitimate child and not entitled to inherit from his father; that there was no agreement, or contract, between Gould and Lizzie, or any fact, which would constitute an adoption by equitable estoppel; and that the purported agreement between Gould and Lizzie was a violation of the Statute of Frauds.

Trial was to a jury, but at the conclusion of appellant's evidence the appellees filed separate motions for an instructed verdict. One of the appellees, Humble Oil & Refining Company, asserted in its motion that it was the holder of the legal and record title of a mineral leasehold estate; that the appellant's claim was an equitable one and, therefore, the burden was upon him to plead and prove that the Humble had notice of his claim. The court granted appellees' motions and instructed the jury to return a verdict in favor of the appellees. Judgment was rendered that the appellant take nothing by his suit. To this judgment the appellant duly excepted and gave notice of appeal to the Court of Civil Appeals for the Sixth Supreme Judicial District at Texarkana. The appeal was transferred to this court by an order of the Supreme Court of Texas equalizing the dockets of the Courts of Civil Appeals.

The evidence shows that Gould Price was a mature man and married at the time

Lizzie Skief Davis, a seventeen year old school girl, became pregnant. During the period of her pregnancy Gould came to see Lizzie often, gave her money, and was present at her father's house the day the appellant was born. Gould Price acknowledged that the appellant was his son, he agreed that the baby should be named John L. Price, and he continued to give Lizzie money. He said he was going to marry Lizzie as soon as he attended to some business (although he was married to Marguerite at the time) and that he was going to educate the baby. Gould Price died intestate when the appellant was about fourteen months old. No administration was had on his estate, except as shown by the probate records of Wood County. Marguerite Williams Price, Gould's surviving widow, died several years after his death.

The appellant insists in several points of error that the trial court erred in granting appellees' motions for an instructed verdict. He contends that since it cannot be said, as a matter of law, that there was no evidence of an agreement, or understanding, between Gould Price and appellant's mother sufficient to give rise to the doctrine of adoption by estoppel, the trial court should have submitted the issue to the jury.

■ We cannot agree with appellant's contention. It is true, as stated by our Supreme Court in Jones et al. v. Guy et al., 135 Tex. 398, 143 S.W.2d 906, 142 A.L.R. 77, that under certain facts the doctrine of equitable estoppel will effect an adoption of a child even though no formal adoption has been executed. Under circumstances, as pointed out in Aman et al. v. Cox et al., Tex.Civ.App., 164 S.W.2d 744, in which the adoptive parents make a contract with a child, or some person acting for him, agreeing to adopt the child, and lead the child into believing he has been legally adopted and receives from the child his services and affections, the adoptive parents are estopped to thereafter assert that the child has not been legally adopted. However, it is the contract, either written or oral, which gives rise to the doctrine of adoption by estoppel.

Howell et al. v. Thompson, Tex.Civ.App., 190 S.W.2d 597.

From a reading of the authority cited above, it becomes evident that before the doctrine of adoption by estoppel is applicable to this case, it will be essential that the appellant prove the existence of a contract, either written or oral, between Gould Price and the appellant, or someone acting for him, whereby Gould agreed to adopt the appellant. The testimony of Lizzie Skief Davis, the appellant's mother, is controlling on this point. According to her testimony, Gould said he was going to adopt the baby; that he was going to marry Lizzie as soon as he had attended to some business; and that he was going to educate the baby. Speaking of her conversation with Gould concerning the care and custody of the appellant, Lizzie testified as follows:

"He asked me to let him take the baby to his sister, and I was young, and let her keep it for us, and I told him no that was our baby and as we were going to get married we could raise him ourselves."

■ We interpret this testimony to mean that Lizzie refused to relinquish the custody of her child and, acting for the appellant, refused to enter into a contract of adoption. The most that can be made from her testimony is that Gould expressed an intention or desire to adopt the applicant at some future date. As has often been stated by our courts, an expression of an intention to do a particular thing is not a promise to do it. In our opinion, there was no meeting of the minds between Lizzie and Gould. The evidence fails to show an agreement between these two whereby Gould was to adopt the appellant. Even if it can be argued that Gould made such an offer, certainly it is obvious from the excerpt of Lizzie's testimony quoted above that she refused to accept Gould's offer. There is no evidence to show that the appellant ever relied to his detriment or injury on a purported agreement between Gould and his mother, nor is there anything to show that any fraud was perpetrated upon him by reason of any promise made to him by Gould Price. Because there was no evidence of an offer of adop-

tion and an acceptance of the same, there was no basis in fact for the trial court to submit to the jury an issue relative to the existence of a contract of adoption between Gould and the appellant's mother. The absence of such an agreement precludes the submission of the issue of adoption to the jury. 21 Corpus Juris 1135; 31 C.J.S., Estoppel, § 74; Howell v. Thompson, supra; Barrow et al. v. Rich et al., Tex.Civ.App., 213 S.W.2d 463, writ refused n. r. e.; 1 Baylor Law Review 199.

We have examined all the points of error asserted by the appellant in his brief. None of them, in our opinion, show error in the action of the court in instructing a verdict in favor of the appellees. Inasmuch as the appellant has no interest in the Gould Price estate, a discussion of the point of error concerning the application of the Statute of Frauds is not material to our disposition of the case; and, for the same reason, we shall not discuss the appellant's point of error contending that it was unnecessary for him to plead and prove that the appellee, Humble Oil & Refining Company, had notice of his equitable rights. All of the appellant's points of error are overruled. The judgment of the trial court is affirmed.