**DAVIS et al. v. STEWART et al.**

**No. 9891.**

Court of Civil Appeals of Texas.
Austin.

June 7, 1950.

Rehearing Denied June 28, 1950.

Sneed & Vine, Jerome Sneed, Jr., all of Austin, for appellees.

HUGHES, Justice.

This suit originated in the County Court of Travis County and was an action brought by appellant, Annie Laurie Barrow Davis, to declare the heirship of William Barrow, deceased.

Appellant alleged that she is the only surviving child of William Barrow and wife, George Ann Barrow, both deceased, and hence his only heir.

Appellees are the collateral kindred of William Barrow.

It is conceded that appellant is not the natural child of William Barrow, but she claims to be his child by adoption by estoppel.

This is a companion case to Davis v. Cavanaugh, Tex.Civ.App., 231 S.W.2d 959. The evidence in the two cases is identical and the two records are, for all practical purposes, identical.

The questions presented are the same and our rulings are the same. We, therefore, refer to such opinion for all purposes and make the same a part hereof.

The judgment of the trial court is reversed and this cause is remanded.

Reversed and remanded.

ARCHER, C. J., not sitting.

On Motions for Rehearing

HUGHES, Justice.

Appellant has filed a motion for rehearing, in which she prays that we render judgment for her. Appellees, in their motion, pray that there be an affirmance.

Our judgment reversing and remanding the case, if construed as a general remand on the ground that the evidence was insufficient, cannot stand, because appellant made no assignment of error to such effect. Wisdom v. Smith, 146 Tex. 420, 209 S.W. 2d 164.

There can be no mistaking the import of our opinion. Clearly, it was that under the

964

undisputed facts and circumstances appellant was the child of William Barrow by adoption by estoppel.

We, therefore, grant appellant's motion for rehearing, set aside our former judgment remanding this case, and here render judgment establishing appellant's status as a child of William Barrow.

Appellees' motion for rehearing is overruled.

Appellant's motion granted—judgment of remand set aside and judgment rendered for appellant. Appellees' motion overruled.

ARCHER, C. J., not sitting.