ROSA STEWART ET AL V. ANNIE LAURIE BARROW DAVIS.

No. A-2820. Decided January 3, 1951.
Rehearing overruled February 21, 1951.
(235 S. W., 2d Series, 979.)

*Sneed & Vine* and *Louis Scott Wilkerson,* all of Austin, for petitioners.

*Archer & Archer* and *Fancher Archer,* all of Austin, for respondents.

MR. JUSTICE CALVERT delivered the opinion of the Court.

This is a companion case to the case of Louis M. Cavanaugh et al v. Annie Laurie Barrow Davis this day decided.

Respondent Annie Laurie Barrow Davis sought by an action to declare heirship to have herself decreed to be an adopted daughter of William Barrow but both the County Court in which the action was filed and the district court on appeal, sitting without the aid of a jury, entered judgment denying respondent's claim. The Court of Civil Appeals reversed the judgment of the trial court and rendered judgment establishing respondent's status as a child of William Barrow. 231 S. W. 2d 963.

In her pleading respondent alleged "that the said William Barrow took this plaintiff when she was a small child with the understanding and agreement that he would adopt her and make her his adopted daughter." While no question was raised as to the sufficiency of the pleading it will be noted that the pleading does not disclose with whom the alleged agreement was made.

The trial judge made and filed findings of fact and conclusions of law in all material respects similar to those quoted in the opinion in the case of Louis M. Cavanaugh et al v. Annie Laurie Barrow Davis. (Supra, p. 573). The statement of facts containing the evidence in this case is but a copy of the statement of facts in that case. A full statement and summary of

the evidence offered in support of respondent's claim is set out in our other opinion and it need not be repeated. A reading of the evidence there summarized will make obvious our conclusion that the acts and conduct of William Barrow and the other relevant facts and circumstances in evidence are not such as to compel an inference or finding that he made an agreement with anyone to adopt respondent.

The evidence that William Barrow agreed to adopt respondent is much more meager than is the evidence that George Ann Barrow agreed to adopt her. There is no evidence that William Barrow ever knew the respondent's mother, Lou Harvey, or, for that matter, that he ever knew respondent until about the time she came into his home at approximately seven years of age. While there is evidence that respondent called William "daddy" or "dad" there is no evidence that he ever referred to her as his daughter; nor did he ever intimate to the witness Bess Mason that she "was his child or whose child." There is no evidence that he ever procured the issuance of insurance policies in which he was shown as the father of respondent or that he furnished the information to the school census enumerators whose cards showed him to be respondent's father. The respondent having come into his home he cared for and supported her but the inference from the evidence that he did so because she was the orphaned niece of his wife is equally as strong if not stronger than the inference that he did so because of an agreement he had made to adopt her. William Barrow died some three years and six months before the death of his wife, owning the property here involved as his separate property, but there is no evidence that respondent ever made any claim to any interest in his property as his adopted daughter until after the death of George Ann Barrow.

We conclude that the evidence of the agreement alleged is not so clear, unequivocal and convincing as to lead only to the inference that there was such an agreement. The Court of Civil Appeals erred in substituting its findings for the finding of the trial court and in reversing the trial court's judgment and rendering judgment for respondent.

Under the authorities cited in Louis M. Cavanaugh et al v. Annie Laurie Barrow Davis, supra, p. 573, the judgment of the Court of Civil Appeals is reversed and the judgment of the trial court is affirmed.

Opinion delivered January 3, 1951.

Rehearing overruled February 21, 1951.