**Willie Mae MINEFIELD, Widow of Lige Minefield, Petitioner,**

v.

**RAILROAD RETIREMENT BOARD, Respondent.**

No. 15092.

United States Court of Appeals, Fifth Circuit.

Dec. 29, 1954.

James W. Falvey, Jr., Longview, Tex., Nelson S. Wooddy, New Orleans, La., for petitioner.

Myles F. Gibbons, David B. Schreiber, Gen. Counsel, Chicago, Ill., Paul M. Johnson, Willis R. Barber, Chicago, Ill., of counsel, for Railroad Retirement Board.

Before HUTCHESON, Chief Judge, HOLMES, Circuit Judge, and ALLRED, District Judge.

HOLMES, Circuit Judge.

This appeal is from a decision of the Railroad Retirement Board finding that the petitioner, Willie Mae Minefield, and her grandchild, Helen Marie Minefield, were not entitled to a widow's current insurance annuity or a child's insurance annuity under Section 5(b) and 5 (c), respectively, of the Railroad Retirement Act of 1937, as amended. 45 U.S.C.A. § 228e(b, c).

■ In order to be entitled to a widow's current insurance annuity, the petitioner must have in her care, at the time of filing her application for the annuity, a child of the employee from whose employment she derives her eligibility, which child must be entitled to receive a child's insurance annuity under Section 5(c) of the Railroad Retirement Act. In determining the status of the child, the statute requires that the latter be the child of the employee, or his adopted child or stepchild, and that the board shall apply the same law as would be applicable in determining the devolution of intestate personal property, if such insured individual were dead, by the courts of the state in which he was domiciled at the time of his death. In other words, a person to be the child of the employee within the meaning of the Act must be one who would inherit his property if the employee died intestate. 42 U.S.C.A. § 416(h) (1). (h) (1).

The petitioner does not contend that Helen Marie Minefield is the natural child or stepchild of the employee, or that the employee ever adopted her in accordance with the laws on adoption of the State of Texas. She concedes that the child is the daughter of Virginia Cooper, her own daughter by a prior marriage, but that Helen Marie was given to the employee and the petitioner at the time of birth, was reared and cared for by the couple, was equitably adopted by the deceased employee, and that as such she would inherit as a child of the employee under the laws of the State of Texas, in which state the employee was domiciled at the time of his death.

The board found that the deceased employee had not equitably adopted the child, because the evidence failed to show that the employee had agreed, either in writing or orally, to adopt Helen Marie, and that the child could not qualify as a child of the employee within the meaning of the Act. The single question presented is whether there was sufficient evidence to support the finding of the board that the child was not equitably adopted by the employee.

■ Under the law of Texas, a person may inherit the intestate personal property as a child by the doctrine of equitable adoption or adoption by estoppel. Said doctrine will apply if there is proof of an agreement or contract to adopt by the person with respect to whose death the inheritance rights are asserted to exist. Cubley v. Barbee, 123 Tex. 411, 73 S.W.2d 72; Jones v. Guy, 135 Tex. 398, 143 S.W.2d 906, 142 A.L.R. 77; Howell v. Thompson, Tex.Civ.App., 190 S.W.2d 597; Cavanaugh v. Davis, 149 Tex. 573, 235 S.W.2d 972; Stewart v. Davis, 149 Tex. 584, 235 S.W.2d 979; Garcia v. Saenz, Tex.Civ.App., 242 S.W. 2d 230, 232. Even though the adoption statutes have been given a liberal construction in Texas, the Texas court in Garcia v. Saenz, supra, stated:

"While the Texas authorities have progressed by steps from a rule which required compliance with the adoption statutes, to one which permits even an oral agreement for adoption in complete disregard for the statutes when fraud may thereby be avoided, such rule does not excuse the proof of an agreement to adopt."

■ The evidence submitted to the board on the question of whether or not the employee had agreed or contracted to adopt the child did not show either directly or by implication that the employee had ever entered into a contract or agreement to adopt Helen Marie, but shows only a giving of the child to the employee to rear and care for. There is the direct evidence of the petitioner and her father that the child was not taken under any agreement to adopt or to make her his heir. The evidence taken most favorably to the petitioner does not show the existence of any contract or agreement to adopt. Even if the affidavits, which are offered for the first time, were accepted as additional evidence, we think they would do no more than tend to show that, while the employee wanted to adopt the child, he had not entered into an agreement to adopt her, which is necessary in Texas to establish an equitable adoption. Accordingly, the judgment appealed from is affirmed.

Affirmed.