Orelia HAYES and Kimbler T. Sells, Appellants,

v.

The SECRETARY OF HEALTH, EDUCATION AND WELFARE, United States of America, Appellees.

No. 27176.

United States Court of Appeals Fifth Circuit.

July 10, 1969.

**998**

Ernest L. Sample, Beaumont, Tex., for appellants.

Richard Brooks Hardee, United States Atty., for the Eastern District of Texas, Carl R. Roth, Asst. U. S. Atty., Beaumont, Tex., for appellee.

Before WISDOM and CARSWELL, Circuit Judges, and ROBERTS, District Judge.

PER CURIAM:

Appellants claim that Kimbler Sells was the "child" of Mr. and Mrs. John Hayes under the Social Security Act, 42 U.S.C. § 416, and that they are therefore eligible for benefits under §§ 202(d), 202(e) and 202(g) of the Act upon the death of Mr. Hayes. The Secretary found that Kimbler was not the "child" of the Hayeses and denied benefits. The district court affirmed the ruling of the Secretary. We also affirm, finding no basis in fact or law for the appellants' sole argument that Kimbler was "equitably adopted" by the Hayeses.

The facts of the case are not in dispute. Mr. and Mrs. Sells turned their daughter Kimbler over to Mr. and Mrs. Hayes in 1961, when the girl was less than two. From that time until Mr. Hayes' death in December 1966, the Hayeses provided the sole support and care for Kimbler. They paid for her room, board, schooling and insurance. They successfully claimed her as a tax deduction. The Sellses knew of and approved the situation. They told the Hayeses that they could keep the child permanently. However, the natural parents balked at consenting to adoption, because they wanted Kimbler to keep their name. They specifically refused to allow the Hayeses permission to adopt the girl.

In determining whether a child is covered by the Act, § 216(h) (2) (A) commands the Secretary to "apply such law as would be applied in determining the devolution of intestate personal property of the courts of the State [of the worker's domicile]." The Texas Probate Code, Section 3(b), V.A.T.S., defines "child" to include adopted children and allows such children to inherit the intestate personal property of their foster parents.

Both parties agree that the Hayeses did not adopt Kimbler by the prescribed statutory process. The only question is whether they did so under the Texas doctrine of adoption by estoppel. Minefield v. Railroad Retirement Board, 5 Cir.1954, 217 F.2d 786, 65 A.L.R.2d 994; Price v. Price, 217 S.W.2d 905 (Tex. Civ.App., 1949, err ref'd n. r. e.). As the *Price* court states:

[U]nder certain facts the doctrine of equitable estoppel will effect an adoption of a child even though no formal adoption has been executed. Under circumstances * * * in which the adoptive parents make a contract with a child, or some person acting for him, agreeing to adopt the child, and lead the child into believing he has been legally adopted and receives from

the child his services and affections, the adoptive parents are estopped to thereafter assert that the child has not been legally adopted. However, it is the contract, either written or oral, which gives rise to the doctrine of adoption by estoppel. 217 S.W.2d at 906.

It is clear that the facts of the case *sub judice* do not meet the Texas test for adoption by estoppel. The child did not rely upon a representation of adoption, and more importantly, the natural parents explicitly withheld consent for adoption. There being no equitable adoption, Kimbler could not have taken an intestate share of Mr. Hayes' personal property. Thus, she is entitled to no benefits under the Act and the district court is affirmed.