Mary L. BROUSSARD et al., Plaintiff-
Appellant,

v.

Caspar W. WEINBERGER, Secretary of
Health, Education and Welfare,
Defendant-Appellee.

No. 74–1704

Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Aug. 28, 1974.

John A. Woodside, Robert R. Truitt, Jr., Midland, Tex., for plaintiff-appellant.

William S. Sessions, U. S. Atty., C. J. Calnan, Asst. U. S. Atty., San Antonio, Tex., Charles B. Rose, Asst. Reg. Atty., Dept. of HEW, Dallas, Tex., for defendant-appellee.

* Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens. Casualty Company of New York et al., 5 Cir. 1970, 431 F.2d 409, Part I.

Before BROWN, Chief Judge, and THORNBERRY and AINSWORTH, Circuit Judges.

THORNBERRY, Circuit Judge:

On December 16, 1962, Mary Sue Broussard gave birth to Douglas Fox. One week later she left him with his maternal grandparents in Midland, Texas, saying "[y]ou'll just take him and keep him if you want him, if you don't, well, give him to a foster home." The grandparents, Mary A. and Lawrence A. Broussard, kept the child, initially hoping that his mother would reclaim him. That hope was never fulfilled, so Douglas remained with his grandparents. Mr. Broussard died of cancer on November 10, 1968. Mrs. Broussard then filed an application for Social Security benefits for Douglas and herself. The Secretary of Health, Education and Welfare denied her application. Having exhausted her administrative remedies, Mrs. Broussard then sued in the district court under Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), to review the Secretary's final decision, but that court denied her claim. We find the claim meritorious, and reverse.

The Social Security Act entitles every "child" of an individual who dies fully or currently insured to child's insurance benefits.[1] It also provides that the decedent's widow shall receive a mother's insurance benefit.[2] The sole barrier to relief in this instance is the Secretary's determination that Douglas was not Mr. Broussard's child within the meaning of the Act. The Secretary recognized that a "child" could be either adopted or natural, but held that, under Texas law, no adoption had taken place.[3] We think that the Secretary applied too strict a legal test in reaching his conclusion.

Cavanaugh v. Davis, 149 Tex. 573, 235 S.W.2d 972 (1951), provides the starting point for our analysis. There, the Texas Supreme Court indicated that a party seeking the benefit of the adoption by estoppel doctrine must show by clear and convincing evidence an agreement or contract to adopt. The appellant concedes that no express oral or written agreement existed. Thus appellant can prevail only if the conduct of the individuals concerned clearly, unequivocally, and convincingly demonstrates the requisite agreement. See Hayes v. Secretary of Health, Educ. & Welfare, 413 F.2d 997 (5th Cir. 1969); Minefield v. Railroad Retirement Bd., 217 F.2d 786 (5th Cir. 1954). Yet, as we noted in Smith v. Secretary of Health, Educ. & Welfare, 431 F.2d 1241 (5th Cir. 1970), it is not necessary for the appellant to show a formal agreement, or use of the word "adoption" in the formal sense at the pertinent times. 431 F.2d at 1245. That requirement would conflict with the remedial purposes of the Social Security Act, and the requirement for liberal construction in favor of coverage if such a construction is reasonable. Combs v. Gardner, 382 F.2d 949 (6th Cir. 1967). We think that appellant has made the requisite showing in this case.

Douglas's natural mother abandoned him one week after his birth, and repeatedly stated to appellant that she and Mr. Broussard could have the boy all the time. His mother claimed that the grandparents had spoiled the boy to the point that she did not want him, and would not take care of him. For their part, the Broussards continuously provided for Douglas with no assistance from his natural mother. They carried hospitalization and life insurance for

---

1. 42 U.S.C. § 402(d)(1).

2. 42 U.S.C. § 402(g)(1).

3. 42 U.S.C. § 416(h)(2)(A) provides: "In determining whether an applicant is the child . . . of a fully or currently insured individual for purposes of this subchapter, the Secretary shall apply such law as would be applied in determining the devolution of intestate personal property by the courts of the State in which such insured individual is domiciled at the time such applicant files application . . . ."

him. Mrs. Broussard has provided for him in her will. Mr. Broussard, shortly before his death, indicated his intention to put Douglas through school, and provide a home for him. The evidence clearly shows that appellant and her deceased husband had every intention of providing a permanent home for the child. Even though they had not instituted formal adoption proceedings, their conduct manifested an intent to keep and care for Douglas as their own.

We find that the evidence clearly shows conduct of the parties involved sufficient to bring this case within the rationale of Smith v. Secretary of Health, Educ. & Welfare, 431 F.2d 1241 (5th Cir. 1970). Therefore we reverse and remand to the district court with instructions to enter judgment awarding child benefits and wife's benefits to the appellant.