**Betty White REED on Behalf of Shawn T. REED, Plaintiff,**

v.

**Shirley S. CHATER, Commissioner of Social Security, Defendant.**

**No. 1:94–CV–556.**

United States District Court, E.D. Texas, Beaumont Division.

March 25, 1996.

John Dudley Rutland, Beaumont, TX, for plaintiff.

Steven M. Mason, Assistant U.S. Attorney, Tyler, TX, for defendant.

### *MEMORANDUM*

COBB, District Judge.

Pursuant to § 205(g) of the Social Security Act, as amended, 42 U.S.C.Supp. § 405(g), this action requests judicial review of a final decision of the Commissioner of the Social Security Administration. The Commissioner denied the plaintiff's claim for child insurance benefits after the demise of one of the child's life-long caretakers, Sam Reed, Jr., on March 29, 1988.

The sole issue that the court considers today is whether or not the defendant's decision is supported by substantial evidence and whether or not an incorrect standard was

utilized by the defendant in making its determination of benefit denial. *Villa v. Sullivan*, 895 F.2d 1019, 1021 (5th Cir.1990).

Substantial evidence consists of more than a scintilla but less than a preponderance of relevant evidence. *Richardson v. Perales*, 402 U.S. 389, 409, 91 S.Ct. 1420, 1431, 28 L.Ed.2d 842 (1971). Substantial evidence need only be such that a reasonable mind might accept the evidence as adequate to support a conclusion. *Villa*, 895 F.2d at 1021–22 (citing *Hames v. Heckler*, 707 F.2d 162, 164 (5th Cir.1983)). This court reviews the record as a whole to determine whether substantial evidence exists. *Singletary v. Bowen*, 798 F.2d 818, 822–823 (5th Cir.1986). However, the court may not reweigh or review the evidence *de novo*. *Pierre v. Sullivan*, 884 F.2d 799, 802 (5th Cir.1989).

■ The court, after significant research into the record and the case law, has determined that there is not substantial evidence in the record to uphold the ALJ's finding that Sam Reed did not equitably adopt Shawn Reed under Texas law. A skeleton explanation of the material facts in the record follows.

Shawn was born to Betty Jean White Wyatt on October 29, 1973. No father was named on the birth certificate. (Tr. 90). After the birth, Wyatt (who was fifteen years old) moved Shawn and herself in with her mother. Shawn's grandmother, Betty White Reed, share a home with Sam Reed. Sam Reed was not biologically related to Shawn.

After approximately seven months, Wyatt left Shawn to the care of Betty and Sam Reed. At this time, Sam was thirty-five years old. According to Wyatt, Sam raised Shawn as his son. Sam did "everything" for Shawn. Sam cared for Shawn, wanted Shawn in his family, and loved Shawn. Not once did Shawn leave the custody of Sam Reed.

Furthermore, according to Betty Reed, Sam cared for Shawn as a baby, sat up nights rocking him, changed his diapers, and later made sure Shawn received a proper education, that he made it to school on time, and that Shawn had money to buy clothes and other essentials. When asked if there was any way that Sam Reed failed to take care of Shawn as his own child, Betty Reed answered, "No, he treated him like he was his child." (Tr. 73, L23–Tr. 74, L15).

Beyond this oral testimony that remains uncontradicted in the record, the Reeds' income tax reports from 1981 to 1987 show Shawn as Sam's dependent child. On some of the forms, Shawn is designated as Sam's grandchild. This is a very understandable notation. Shawn was never formally adopted by the Sam Reed. It is of interest that Betty Reed did formally adopt Shawn shortly after Sam's death.

The question in this review is whether the record makes so clear that an adoption by estoppel occurred in the case of Sam and Shawn Reed that the ALJ's contrary determination lacks substantial evidence.

■ A determination of adoption by estoppel under Texas law lies in equity. "[When] one … takes a child into his home as his own, receiving the benefits accruing to him on account of that relation, assumes the duties and burdens incident thereto, and … where justice and good faith require it[,] the court will enforce the rights incident to the statutory relation of adoption." *Cubley v. Barbee*, 123 Tex. 411, 73 S.W.2d 72, 81 (1934).

■ The elements of an adoption by estoppel in Texas are outlined in several prominent cases. *See, e.g., Cavanaugh v. Davis*, 149 Tex. 573, 235 S.W.2d 972 (1951); *Luna v. Rodriguez*, 906 S.W.2d 576 (Tex.Civ.App.—Austin, 1995). The child's performance of the agreement to adopt is simply the conferring of affection on the adoptive parent. *See Cavanaugh*, 235 S.W.2d at 974; *Luna*, 906 S.W.2d at 581; *Adler v. Moran*, 549 S.W.2d 760, 763 n. 3 (Tex.Civ.App.—San Antonio, 1977), *rev'd on other grounds*, 570 S.W.2d 883 (Tex.1978). This court finds that there is no evidence in the record that Shawn Reed did not confer such affection on Sam Reed. Indeed, there is plenty of direct and circumstantial evidence to the contrary.

Furthermore, the court finds that there is overwhelming indirect evidence in the record that Sam Reed agreed to adopt Shawn. This is clear by Sam's (and other actors') consistent actions and conduct as well as the testi-

mony of Wyatt and Betty Reed. *See Moran v. Adler,* 570 S.W.2d 883, 885 (Tex.1978); *Defoeldvar v. Defoeldvar,* 666 S.W.2d 668 (Tex.Civ.App.—Ft. Worth, 1984). As Wyatt testified, Sam Reed took over Wyatt's parental duties and rights to support Shawn Reed. (Tr. 34, L2–10).

Sam Reed died after taking care of Shawn as a loving parent for sixteen years. In equity, this court is confident that no reasonable mind would find sufficient evidence in the record to uphold the determination that Shawn was not equitably adopted by Sam Reed.

Accordingly, the court finds that Shawn Reed is entitled to the benefits sought by his mother, Betty Reed, pursuant to this case's complaint.