# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-10014
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
September 4, 2014

Lyle W. Cayce
Clerk

WOODROW WILLIAMS, II, on behalf of Z.D., a minor,

Plaintiff-Appellant

v.

CAROLYN W. COLVIN, ACTING COMMISSIONER OF SOCIAL SECURITY,

Defendant-Appellee

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:12-CV-686

Before BENAVIDES, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:*

Woodrow Williams, II ("Williams") brings this action on behalf of Z.D., a minor, under § 405(g) of the Social Security Act ("SSA"), 42 U.S.C. § 405(g) (2006), challenging the Commissioner of Social Security's ("Commissioner") decision to deny Z.D. child's insurance benefits on the basis that Z.D. was not the equitably adopted child of Williams. The issue before the court is whether

---

\* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the Commissioner's decision that Z.D. was not the equitably adopted child of Williams and therefore not entitled to child's insurance benefits was supported by substantial evidence. *See Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995) ("The Commissioner's decision is granted great deference and will not be disturbed unless the reviewing court cannot find substantial evidence in the record to support the Commissioner's decision or finds that the Commissioner made an error of law." (citations omitted)). Upon review, we affirm the lower court's decision.

Williams was found to be disabled and entitled to disability benefits under the SSA. Under the SSA, an individual is entitled to child's insurance benefits on the earnings record of one who is entitled to disability benefits if the individual 1) is an insured person's child, 2) is dependent on the insured person, 3) applies for child's insurance benefits, 4) is unmarried, and 5) meets certain age requirements. 20 C.F.R. § 404.350(a) (2007). The only requirement at issue here is whether Z.D. qualifies as Williams's child.

To qualify as an insured person's child, one must be "a natural child, legally adopted child, stepchild, grandchild, stepgrandchild, or equitably adopted child." § 404.354. Williams is not a natural or legally adoptive parent, and no longer step-parent, of Z.D. Thus, Z.D. can only qualify for child's insurance benefits if he qualifies as an equitably adopted child. Because the law of the state where the insured has his or her permanent home at the time of his or her application applies, § 404.359, and Williams resided in Texas at the time Z.D. applied for child's insurance benefits, the administrative law judge correctly applied Texas law to decide the case.

Under Texas law, an equitable adoption, or adoption by estoppel, requires a clear, unequivocal, and convincing showing of an agreement to adopt. *Cavanaugh v. Davis*, 149 Tex. 573, 583, 235 S.W.2d 972, 978 (1951). The agreement need not be a formal one, or even one that uses the word "adoption"

in the formal sense. *Broussard v. Weinberger*, 499 F.2d 969, 970 (5th Cir. 1974) (citing *Smith v. Sec'y of Health, Educ. & Welfare*, 431 F.2d 1241, 1245 (5th Cir. 1970)). Once such an agreement has been found, Texas courts then consider factors such as "assumption by the child of the surname of the adopting parents, habitual use by the adopters of the term son or daughter in referring to the child, habitual use by the child of such terms as 'mama' and 'daddy' in addressing or referring to the adopters, and the existence of a relationship of love and affection between the adopters and the child." *Smith*, 431 F.2d at 1244.

We need not proceed to consider these other factors in the instant case because of the substantial evidence indicating an absence of an agreement to adopt. Indeed, the record indicates that Jennifer Wood, Z.D.'s natural mother, was not willing to enter into an agreement to adopt, and Williams has acknowledged this. Even though she left Z.D. with Williams prior to their divorce, she has since sued to obtain custody, has exercised her court-awarded visitation rights, and has paid child support. There has not been an abandonment by the natural parent as in the cases that Williams relies on to support his position. *See Broussard*, 499 F.2d at 970 (finding equitable adoption existed when natural mother abandoned child and never tried to reclaim him, and grandparents took care of child without assistance from natural mother); *Smith*, 431 F.2d at 1244 (finding that natural mother had abandoned children before proceeding to other factors "to verify the existence of an adoptive relationship"); *Reed ex rel. Reed v. Chater*, 925 F. Supp. 466, 467-68 (E.D. Tex. 1996) (finding that natural mother left child in plaintiff's care and testified that plaintiff took over her parental duties and rights); *Moore v. Heckler*, No. H-83-6403, 1985 WL 71821, at *1-3 (S.D. Tex. Oct. 29, 1985). There is also no indication that Z.D.'s natural father, Robert Densmore, has agreed to adoption. Because there was substantial evidence regarding the lack

of an agreement to adopt, and thus a lack of an equitable adoption, it was appropriate for the district court to adopt the magistrate judge's findings and affirm the Commissioner's final decision. The district court's judgment is AFFIRMED.